UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILL McRANEY                                                                PLAINTIFF

V.                                              Civil Action No. 1:17-cv-080-GHD-DAS

THE NORTH AMERICAN MISSION BOARD
OF THE SOUTHERN BAPTIST CONVENTION, INC.                DEFENDANT

MEMORANDUM OPINION

Before this Court is the Defendant North American Mission Board's ("NAMB") motion for certificate of appeal ability and stay of proceedings [20]. In its motion, NAMB asks this Court to allow an appeal on two questions from the court's prior order denying NAMB's motion to dismiss [18]. Those questions are:

1. Whether the ministerial exception applies only to the minister's "employer," and not to an affiliated religious organization such as NAMB which allegedly influenced or caused the minister's termination of employment?; and

2. Whether the Complaint on its face presents a religious controversy mandating the courts' "ecclesiastical abstention?"

28 U.S.C. § 1292(b) provides that a district court may grant a party permission to file an appeal of an otherwise non-appealable order when the Court finds the order: (1) involves a controlling question of law; (2) the question must be one where there is a substantial ground for a difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of litigation. To certify an order for interlocutory appeal, all three criteria must be met. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981). Such appeals are "not favored" and courts should "strictly construe statutes permitting them." *Thibodeaux v. Vamos*

*Oil & Gas Co.*, 487 F.3d 288, 292 (5th Cir. 2007) (citing *Complaint of Ingram Towing Co.*, 59 F.3d 415, 515 (5th Cir. 1995)). "In the interlocutory-appeal context, '[t]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.' " *Thompson v. N. Mississippi Spine Ctr., Inc.*, No. 3:16-CV-00063-NBB, 2017 WL 1226058, at *1 (N.D. Miss. Mar. 30, 2017)(quoting *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012). A substantial ground for a difference of opinion exists where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006)(quoting 4 Am.Jr.2d *Appellate Review* § 128 (2005).

As to the first question, the Court is satisfied that this is a pure question of law because it does not require an analysis of the particular facts of this case. The Court is also satisfied that an immediate appeal would materially advance the termination of litigation, because a reversal would require this Court to dismiss Plaintiff's claims.

The Court is not convinced, however, that there is a substantial difference of opinion on this issue sufficient to justify an interlocutory appeal. NAMB has not provided shown any instance where a Court has applied the ministerial exception to non-employers or non-employment law claims. NAMB's present motion makes the same mistake as its motion to dismiss – conflating the ministerial exception with the broader ecclesiastical doctrine.

More specifically, the two cases cited by NAMB are not contrary to the Court's holding that a non-employer cannot invoke the ministerial exception. The first case cited by NAMB, *Simpson v. Wells Lamont Corporation*, 494 F. 2d 490 (5th Cir. 1974), speaks only of the broad

ecclesiastical doctrine, and makes no mention of the more narrow ministerial exception. The second case cited by NAMB discusses the distinction between the two at length:

> The "ecclesiastical abstention doctrine" provides a broader analysis that encompasses the "ministerial exception." The ecclesiastical abstention doctrine prevents secular courts from reviewing many types of disputes that would require an analysis of "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required." *Watson,* 80 U.S. at 733, 13 Wall. 679. In cases relying on the ecclesiastical abstention doctrine, courts consider the substance and nature of the plaintiff's claims to determine whether the First Amendment prevents subject matter jurisdiction. *See, e.g., Williams v. Gleason,* 26 S.W.3d 54, 58–60 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).
>
> *More narrowly, if the claim challenges a religious institution's employment decision, the sole jurisdictional inquiry is whether the employee is a member of the clergy or otherwise serves a "ministerial" function. See Alicea–Hernandez v. Catholic Bishop of Chicago,* 320 F.3d 698, 703–04 (7th Cir.2003*)*

*Patton v. Jones,* 212 S.W.3d 541, 547–48 (Tex. App. 2006)(emphasis added). The Supreme Court held in *Hosanna-Tabor* that the ministerial exception is grounded in employment claims:

> Since the passage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and *other employment discrimination laws,* the Courts of Appeals have uniformly recognized the existence of a "ministerial exception," grounded in the First Amendment, that precludes application of such legislation to claims concerning the *employment relationship* between a religious institution and its ministers. We agree that there is such a ministerial exception

*Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.,* 565 U.S. 171, 188, 132 S. Ct. 694, 705–06, 181 L. Ed. 2d 650 (2012). NAMB fails to show a substantial difference in opinion on the applicability of the ministerial exception to non-employer/employee disputes, and so there is no basis for an interlocutory appeal on this issue.

As to the second question, the Court is likewise convinced that a successful appeal by NAMB will terminate the litigation. However, the question presented is not purely a question of

3

law. It is, on its face, a question of the application of law to the facts of this case as they are stated in the complaint. An appeal on this issue would resolve only the question of whether this Court was correct in its application of the law, not whether the Court was correct in determining what the law is. That is not a proper basis for an interlocutory appeal, and so, NAMB's motion should be denied.

An order in accordance with this opinion shall issue this day.

This, the 2nd day of February, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE