UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILL MCRANEY                                                    PLAINTIFF

v.                                              Civil No. 1:17-cv-00080-GHD-DAS

THE NORTH AMERICAN MISSION BOARD
OF THE SOUTHERN BAPTIST CONVENTION                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant The North American Mission Board's motion for summary judgment [48] and the Court's order to show cause [60] why the Court should not remand for lack of subject matter jurisdiction. For the reasons set forth below, the Court dismisses this case for lack of subject matter jurisdiction.

### Background

Plaintiff Will McRaney, the former Executive Director of the Baptist Convention of Maryland and Delaware ("BCMD"), sued the North American Mission Board of the Southern Baptist Convention ("NAMB") in the Circuit Court of Winston County, Mississippi. McRaney alleges that the NAMB defamed him and tortiously interfered with his employment with the BCMD resulting in his termination.

The NAMB removed to this Court premising federal jurisdiction on diversity of citizenship under 28 U.S.C § 1332. The NAMB then filed a motion to dismiss for failure to state claim, arguing that the ecclesiastical abstention doctrine required dismissal. The ecclesiastical abstention doctrine prohibits courts from reviewing "internal policies, internal procedures, or internal decisions of the church." *Ginyard v. Church of God in Christ Kentucky First Jurisdiction, Inc.*, 6 F. Supp. 3d 725, 729 (W.D. Ky. 2014). Under the doctrine, courts may only decide "disputes over church polity and church administration" when they can do so "without resolving underlying controversies over

1

religious doctrine." *E. Orthodox Diocese for U. S. of Am. & Canada v. Milivojevich*, 426 U.S. 696, 710, 96 S.Ct 2372, 49 L.3d.2d 151 (1976) (internal quotations omitted).

Because the NAMB moved for dismissal under 12(b)(6), the Court reviewed its request under that standard and found that based on the allegations of the complaint alone, the Court could not say that review of this case would necessarily entangle the Court in matters of religious doctrine.[1] The ecclesiastical abstention doctrine is treated by most courts, however, as jurisdictional. *See, e.g., Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 719 F. App'x 926, 928 (11th Cir. 2018); *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 46 (D.D.C. 2017); *Kelley v. Decatur Baptist Church*, No. 5:17-CV-1239-HNJ, 2018 WL 2130433, at *2 (N.D. Ala. May 9, 2018). This is the case within the Fifth Circuit. *See Simpson v. Wells Lamont Corp.*, 494 F.2d 490 (5th Cir. 1974)

Defendant reasserted the application of the doctrine as to counts I and II of the complaint in a motion for summary judgment. The Court, now recognizing the jurisdictional nature of the doctrine, ordered the parties to show cause why the matter should not be remanded back to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (In case removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") The parties responded, and the Court now considers whether it has subject matter jurisdiction over McRaney's claims.

### 12(b)(1) Subject Matter Jurisdiction Standard

The Court has a continuing duty to assess its subject matter jurisdiction through all phases of the litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Thus, the Court converts the NAMB's motion to summary judgment to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Simpson v.*

---

[1] The Court did dismiss one count of tortious interference because McRaney failed to plead that he had suffered damages.

2

*Wells Lamont Corp.*, 494 F.2d 490, 492 (5th Cir. 1974) (affirming the district court's dismissal for of pastor's claims against church defendants under the ecclesiastical abstention doctrine and noting the district court treated motion for summary judgment as a motion to dismiss for lack of subject matter jurisdiction.)

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

## Analysis

### I. Application of the Ecclesiastical Abstention Doctrine

The ecclesiastical abstention doctrine, rooted in the First Amendment's free exercise clause, is built out of numerous Supreme Court cases affirming that churches have the "power to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine." *Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.*, 344 U.S. 94, 116 73 S. Ct. 143, 97 L. Ed. 120 (1952). Thus, civil courts are limited in deciding "religious controversies that incidentally affect civil rights." *Milivojevich*, 426 U.S. at 710. Courts may only decide "church disputes over church polity and church administration" when they can do so "without resolving

3

underlying controversies over religious doctrine." *Id.* (internal quotations omitted). Under this doctrine courts have:

> consistently agreed that civil courts should not review the internal policies, internal procedures, or internal decisions of the church, and this includes review of whether a church followed its own internal policies or procedures. *See, e.g., Kral v. Sisters of the Third Order Regular of St. Francis,* 746 F.2d 450 (8th Cir. 1984) ("A claim of violation of the law of a hierarchical church, once rejected by the church's judicial authorities, is not subject to revision in the secular courts."); *Nunn v. Black,* 506 F. Supp. 444, 448 (W.D. Va. 1981) (stating "the fact that local church may have departed arbitrarily from its established expulsion procedure in removing [dissident church members] was of no constitutional consequence"), *aff'd* 661 F.2d 925 (4th Cir. 1981); *Simpson v. Wells Lamont Corp.,* 494 F.2d 490 (5th Cir. 1974); *Burgess v. Rock Creek Baptist Church,* 734 F. Supp. 30 (D.D.C. 1990).

*Ginyard,* 6 F. Supp. 3d at 729 (W.D. Ky. 2014).

Considering all the facts available to it, and not just those in the complaint, the Court finds that this case would delve into church matters. McRaney first contends that the NAMB defamed him to the BCMD and tortiously interfered with his employment agreement with the BCMD and that, as a result, he was fired. To prove a defendant tortiously interfered with a business relationship, the plaintiff must show "(1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiff in his/her lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which acts constitute malice); (4) that actual damage or loss resulted," and "(5) the defendant's acts were the proximate cause of the loss or damage suffered by the plaintiff." *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.,* 910 So.2d 1093, 1098–99 (Miss. 2005).

To prove those claims, McRaney has already attempted to obtain from the BCMD his entire personnel file by subpoena. Review of these claims will require the Court to determine why the BCMD fired McRaney—whether it was for a secular or religious

4

purpose. It will require the Court to determine whether the NAMB's actions were done "without right or justifiable cause"—in other words, whether the NAMB had a valid religious reason for its actions. That the Court cannot do.

McRaney also claims that as a result of the NAMB's interference, he was disinvited to speak at a religious event in Louisville, Mississippi. Again, review of this claim would require the Court to determine if the event canceled McRaney's speech for a valid religious reason. It would even require the Court to determine if the NAMB's efforts to stop the speech were tortious or if they were a valid exercise of religious belief. That matter the Court cannot decide.

Finally, McRaney claims that the NAMB intentionally inflicted emotional distress upon him by displaying a picture of him at its headquarters which stated "that he was not be trusted and public enemy #1 of NAMB." Compl. at 6. A plaintiff seeking to establish an intentional infliction of emotional distress must show that "(1) the defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) the defendant's acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant." *Rainer v. Wal–Mart Assocs. Inc.*, 119 So.3d 398, 403–04 (Miss. Ct. App. 2013). Once again, to resolve these issues, the Court will need to make determinations about why the NAMB held these opinions of McRaney, and because the NAMB is a religious institution, the question will touch on matters of religious belief. The Court, therefore, finds that under the First Amendment it lacks subject matter jurisdiction to adjudicate McRaney's disputes.

## II. Dismissal vs. Remand

28 U.S.C. § 1447(c) provides that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*" (emphasis

5

added). Nonetheless, the Fifth Circuit have recognized that "that dismissal, rather than remand, may be proper if a suit is a local action over which the state court in which it was brought also would lack jurisdiction." *Boaz Legacy, L.P. v. Roberts*, 628 F. App'x 318, 320 (5th Cir. 2016) (citing *Trust Co. Bank v. United States Gypsum Co.*, 950 F.2d 1144, 1148 (5th Cir. 1992)). The NAMB urges this Court to dismiss McRaney's claims because, it argues, the state courts of Mississippi would also lack subject-matter jurisdiction under the ecclesiastical abstention doctrine.[2] *See Mallette v. Church of God Int'l*, 789 So. 2d 120, 123 (Miss. Ct. App. 2001).

The futility exception applies when it is doubtless that the state court also lacks jurisdiction. For example, in *Boaz*, the plaintiff sued the defendant over the ownership of a tract of land in Texas state court. *Boaz*, 627 F. App'x at 319. The land was not located in Texas, however, but in Oklahoma. *Id.* The defendant removed the action to a Texas district court and then moved to dismiss. *Id.* The district court dismissed the case for lack of jurisdiction, and the Fifth Circuit affirmed. *Id.* The "local action doctrine" which states that a court "lacks jurisdiction over the subject matter of claims to land located outside the state in which the court sits," applied, and it applied in equally in state and federal courts. *Id.* (internal quotations and citations omitted). Because the land was in Oklahoma, both federal and state courts in Texas lacked jurisdiction over the claims to its ownership. *Id.* Thus, the Fifth Circuit held, the district court appropriately dismissed the case.

Likewise, in *Hill v. United States*, the plaintiff, a court-appointed conservator for a veteran, sued in state court challenging the Department of Veteran Affairs' determination that the veteran's VA benefits were to be managed by a VA-appointed fiduciary. No. 5:18-CV-21-DCB-MTP, 2018 WL 1902375, at *1 (S.D. Miss. Apr. 20, 2018). The government

---

[2] In its show cause order, the Court also directed McRaney to address why the case should not be remanded for lack of subject matter jurisdiction based on the application of the ecclesiastical abstention doctrine. McRaney's response, however, asserted only that jurisdiction was proper because the requirements for diversity of citizenship jurisdiction had been met.

removed to federal court and then moved to dismiss. *Id.* The district court agreed that dismissal was appropriate because the Veterans' Judicial Review Act, 38 U.S.C. § 511, vested exclusive jurisdiction over review of VA benefits decisions to a few specific courts, none which were the district court or the state court from which the cases removed. *Id.* at *3. Thus, the court dismissed under the futility exception. *Id.* at 4–5.

The Court agrees that the state court also clearly lacks subject matter jurisdiction. Like the local application doctrine in *Boaz*, the ecclesiastical abstention doctrine applies in both state and federal courts. *Mallette*, 789 So. 2d at 123. ("A civil court is forbidden, under the First and Fourteenth Amendments to the United States Constitution, from becoming involved in ecclesiastical disputes.") If this court lacks jurisdiction to hear McRaney's claims because they involve ecclesiastical disputes, then all civil courts lack jurisdiction. Thus, on remand, the state trial court would likewise be compelled to dismiss under the doctrine. Accordingly, the Court finds that this matter should be dismissed rather than remanded.

An order in accordance with this opinion shall issue.
This, the 22nd day of March 2019.

*[signature]*
SENIOR U.S. DISTRICT JUDGE

7