IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILL MCRANEY     PLAINTIFF

v.     Civil No. 1:17-CV-00080-GHD-DAS

THE NORTH AMERICAN MISSION BOARD
OF THE SOUTHERN BAPTIST CONVENTION     DEFENDANT

## ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS

Presently before the Court is the Defendant's motion [70] to stay these proceedings based upon the Defendant filing a Petition for Writ of Certiorari with the United States Supreme Court. The Plaintiff has not timely filed any opposition to the motion. Upon due consideration, the Court finds that the motion should be granted and these proceedings temporarily stayed.

On April 24, 2019, this Court dismissed the Plaintiff's claims for lack of subject matter jurisdiction pursuant to the Religion Clauses of the First Amendment of the United States Constitution, finding that the application of the ecclesiastical abstention doctrine is appropriate. [63]. The Plaintiff appealed the dismissal, and on July 16, 2020, a panel of the Fifth Circuit reversed, finding dismissal premature [68]. The Defendant then petitioned the Fifth Circuit to rehear the case *en banc*, and by a decision of 8-9, the Fifth Circuit denied the Defendant's Petition for En Banc Rehearing. [67]. Of note, Judges Ho and Oldham wrote lengthy dissents from the denial of rehearing *en banc*, which were joined by other judges who voted in favor of rehearing. [67]. The Defendant is now filing a Petition for Writ of Certiorari with the Supreme Court of the United States, and requests that this Court stay these proceedings pending the Supreme Court's determination with regard to the Petition for Writ of Certiorari.

It is axiomatic that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct.

1636, 137 L.Ed.2d 945 (1997 (internal citation omitted); see also *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Given the close vote in the Fifth Circuit with regard to the Defendant's Petition for Rehearing En Banc, and the lengthy dissents that were filed, the Court finds that a stay of these proceedings is warranted pending the outcome of the Defendant's Petition for Writ of Certiorari. See *McGregory v. 21st Century Ins. & Fin. Servs., Inc.*, No. 1:15-CV-00098-DMB-DAS, 2016 WL 11643678, at *2, *5 (N.D. Miss. Feb. 2, 2016) (stating "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The parties shall inform the Court of the outcome of the Defendant's Petition for Writ of Certiorari within ten days of the date the Supreme Court issues its determination regarding the Petition.

ACCORDINGLY, it is HEREBY ORDERED that the Defendant's motion to stay these proceedings [70] is GRANTED; these proceedings are hereby STAYED in their entirety pending the United States Supreme Court's determination regarding the Defendant's Petition for Writ of Certiorari; the parties shall notify this Court within ten days of the issuance of the Supreme Court's determination regarding the Defendant's Petition.

SO ORDERED, this, the 5th day of January, 2021.

                                                                             SENIOR U.S. DISTRICT JUDGE