# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**WILL MCRANEY**                                                                               **PLAINTIFF**

**V.**                                                **CIVIL CAUSE NO. 1:17-CV-80-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.**        **DEFENDANT**

## ORDER

On January 26, 2022, the court held a hearing on The North American Mission Board of the Southern Baptist Convention, Inc.'s (hereinafter "NAMB") objections to certain requests for production of documents propounded by Plaintiff Will McRaney. Docket 95. The court considers the requests and objections under the scope of discovery outlined in Federal Rule of Civil Procedure 26(b)(1), permitting the discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Having considered the plaintiff's requests and parties' arguments, the court will rule on each request in turn.[1]

Plaintiff's Request No. 1 seeks

> Documents sufficient to show Your structure and general operation during the Relevant Time Period, including, but not limited to: organizing documents; by-laws and amendments thereto; list of Board Members and committees; Board minutes and records of Board decisions and actions; sources and amounts of Your income

---

[1] On February 9, 2022, the parties entered a Joint Stipulation agreeing NAMB will not withhold any discovery responses on the basis of its First Amendment defenses or objections, including discovery requests served prior to entry of the stipulation. Docket 97. The Joint Stipulation further agrees NAMB has not waived any such defense or objection by responding to the plaintiff's discovery requests. *Id*. Based on the parties' agreement, this order does not address NAMB's objections to the plaintiff's requests for production of documents based on the First Amendment.

> and revenue; and your financial and nonmonetary relationship with the Baptist Convention of Maryland/Delaware.

NAMB's primary objections to Request No. 1 concern its relevance and breadth in time and scope. The plaintiff's requests define "Relevant Time Period" as "January 1, 2013, through and including the present." The court agrees that this time period is overly broad and accordingly limits request to documents sufficient to show NAMB's structure and general operation between January 1, 2013 and January 1, 2017. This time period is relevant to the allegations set forth in the plaintiff's Complaint; therefore, all requests for documents from the "Relevant Time Period" are limited to those documents produced between January 1, 2013 and January 1, 2017.

NAMB is ordered to produce a list of Board Members and committees, Board minutes and records of Board decisions and actions only to the extent that they are related in any way to the subject matter of the present litigation. As for the "sources and amounts of [NAMB's] income and revenue," counsel for NAMB indicated that documents had been produced responsive to this portion of the request; however, counsel for plaintiff argued the documents did not cover the Relevant Time Period. To the extent that NAMB is in possession of documents evidencing the "sources and amounts of [its] income and revenue" between January 1, 2013 and January 1, 2017, that have not yet been produced, NAMB is ordered to produce said documents.

NAMB argued at the hearing on this matter that any request for documents reflecting to its "financial and nonmonetary relationship with the Baptist Convention of Maryland/Delaware" ("BCMD") is better addressed, at least initially, by way of interrogatory. Noting NAMB's eighteenth defense in its First Amended Answer that the plaintiff's claims are barred by his "willful violations of … other pertinent policies, practices and agreements between BCMD and NAMB," the plaintiff should seek to ascertain what discoverable information may exist by way

of interrogatory prior to reasserting a more narrowly tailored request for production of documents regarding NAMB's financial and nonmonetary relationship with BCMD.

Request No. 2 seeks "all of [NAMB's] tax filings, and all of [NAMB's] communications with the Internal Revenue Service, during or related to the Relevant Period." Again, the Relevant Time Period is limited to January 1, 2013 to January 1, 2017. During oral argument, counsel for NAMB conceded that NAMB is not asserting as a defense that NAMB is a "supporting organization" as defined by the IRS, making this request moot. However, to the extent that NAMB possesses tax filings or communications with the IRS during the Relevant Period that reveal the relationship between NAMB and BCMD, such documents must be produced.

Request No. 3 seeks "all documents in [NAMB's] possession, custody or control mentioning and referring to Plaintiff, including all of [NAMB's] communications with others about Plaintiff." The court agrees this request as stated is overbroad and limits the documents NAMB is required to produce to those that were generated between January 1, 2013 and January 1, 2017, and are relevant to this litigation.

Request No. 4 seeks "all documents reflecting, referring or relating to [NAMB's] communications with the Baptist Convention of Maryland/Delaware (BCMD), including all documents you provided to, or received from, BCMD." Again, the court agrees this request as stated is overbroad and limits the documents NAMB is required to produce to those generated between January 1, 2013 and January 1, 2017. The request is further limited to documents including any reference to the plaintiff that could be construed as relevant to this litigation.

Request No. 5 seeks "all documents reflecting, referring or related to [NAMB's] preservation, nonpreservation or disposition of documents related to this case or to Plaintiff, including but not limited to: [NAMB's] record retention policies or procedures; any notice(s) or

communications regarding preservation, non-preservation or disposition of documents related to this case or to Plaintiff." NAMB's primary objection to this request is that it is not relevant to any claim or defense in the case and potentially seeks documents protected by the attorney-client privilege and/or work product doctrine. To the extent discoverable information exists related to NAMB's preservation of documents related to this case, the plaintiff may seek such information by way of an interrogatory. If relevant, discoverable information is identified, the plaintiff may submit a request for the production of same.

Request No. 6 seeks "all documents [NAMB] may use to support [its] defenses, including but not limited to the documents identified or referred to in [NAMB's] Initial Disclosures dated September 26, 2018, and any amended Initial Disclosures." Counsel for NAMB understandably argued that NAMB is unaware of the documents it may use to support its defenses at this stage in the litigation; however, NAMB is ordered to supplement its discovery in accordance with the Federal Rules of Civil Procedure as the case unfolds.

NAMB is ordered to produce the documents responsive to the plaintiff's requests as amended by this Order no later than March 18, 2022. On January 31, 2022, the court entered a notice resetting the trial for April 10, 2023. Docket 96. In light of the new trial setting, the remaining case management deadlines are extended as follows:

| | |
|---|---|
| Plaintiff's expert designation: | July 29, 2022 |
| Defendant's expert designation: | August 26, 2022 |
| Discovery: | October 28, 2022 |
| Motions: | November 11, 2022 |
| Final Pretrial Conference: | March 7, 2023 at 10:00 a.m. |

This the 16th day of February, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**