IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILL MCRANEY**                                                                                                       **PLAINTIFF**

**V.**                                                        **CIVIL CAUSE NO. 1:17-CV-80-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.**            **DEFENDANT**

**ORDER GRANTING IN PART AND DENYING IN PART**
**NAMB'S MOTION TO RECONSIDER AND VACATE THE COURT'S**
**ORDER GRANTING BCMD'S MOTION TO QUASH SUBPOENA *DUCES TECUM***

Defendant The North American Mission Board of the Southern Baptist Convention, Inc. ("NAMB") has moved for reconsideration of the court's November 7, 2018 Order quashing NAMB's subpoena *duces tecum* to non-party Baptist Convention of Maryland/Delaware, Inc. ("BCMD"). Docket 123, 50. NAMB's subpoena requested, *inter alia*, the plaintiff's complete personnel file and sought information directly related to BCMD's employment decisions pertaining to the plaintiff. Docket 30-1, 50. NAMB now requests that this court vacate the November 7, 2018 Order quashing its subpoena *duces tecum* to BCMD and order BCMD to comply fully with the subpoena. Docket 123.

This court granted BCMD's motion to quash on the basis that the subpoena sought information protected by the "ministerial exception," a First Amendment doctrine precluding court interference "into the employment relationship between a religious institution and its 'ministers.'" Docket 50 (citation omitted). The Order further found the subpoena "r[an] afoul of the 'ecclesiastical abstention' doctrine" as compliance would "subject BCMD to review of 'internal policies, internal procedures, or internal decisions of the church,' which the doctrine forbids." *Id*. (citation omitted).

NAMB's primary argument in support of the instant motion is the Fifth Circuit's reasoning in reversing this court's earlier dismissal of this action on First Amendment grounds. The Fifth Circuit identified the legal and factual issues the court will need to determine in order to resolve the plaintiff's claims, including

> (1) whether NAMB intentionally and maliciously damaged McRaney's business relationships by falsely claiming that he refused to meet with Ezell, […] (2) whether NAMB's statements about McRaney were false, defamatory, and at least negligently made, […]; and (3) whether NAMB intentionally caused McRaney to suffer foreseeable and severe emotional distress by displaying his picture at its headquarters […].

*McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 349 (5th Cir. 2020), *cert. denied,* 210 L. Ed. 2d 961, 141 S. Ct. 2852 (2021). The Fifth Circuit held it did not "appear *certain* that resolution of McRaney's claims [would] require the court to address purely ecclesiastical questions," and therefore, this court's dismissal was premature. *Id*. at 348 (emphasis supplied).

The Fifth Circuit's decision makes clear that this court's decision to quash NAMB's subpoena was similarly premature. In permitting the plaintiff to pursue his claims, the Fifth Circuit clearly intended to afford NAMB the opportunity to factually develop its defenses. While the Fifth Circuit only addressed the plaintiff's claims against NAMB, and not NAMB's ability to obtain discovery from BCMD, the Court's reasoning is similarly applicable: "[i]f further proceedings and *factual development* reveal that McRaney's claims [*and NAMB's defenses*] cannot be resolved without deciding purely ecclesiastical questions, the court is free to reconsider whether it is appropriate to dismiss some or all of McRaney's claims." *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d at 350. As the Fifth Circuit reasoned with regard to NAMB, if BCMD presents evidence of "valid religious reasons" for its actions in

response to NAMB's subpoena, the court will consider such an objection and decide at that time. *Id.* at 351.

Finding NAMB's motion properly before the court and the relief sought therein to be warranted, the November 7, 2018 Order quashing NAMB's subpoena *duces tecum* to BCMD is vacated. However, the court will not order compliance with the subject subpoena. NAMB is free to re-issue its subpoena to BCMD, and the court will address any substantive or procedural issues arising therefrom in due course.

This the 25th day of October, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**