IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILL MCRANEY                                                                 PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:17-CV-80-GHD-DAS

THE NORTH AMERICAN MISSION BOARD
OF THE SOUTHERN BAPTIST CONVENTION, INC.                    DEFENDANT


## ORDER

On December 5, 2022, the court held a hearing on Plaintiff Will McRaney's Motion for Leave to File Amended Complaint [Docket 148], The North American Mission Board of the Southern Baptist Convention, Inc.'s (hereinafter "NAMB") Motion to Compel Discovery Responses [Docket 144], and the plaintiff's Motion to Compel Production of Discovery Material from Plaintiff [Docket 154]. Consistent with the court's ruling on the record and with respect to those matters taken under advisement, the court will address each of the motions in turn.

### I.    The plaintiff's Motion for Leave to File Amended Complaint

As decided by the court during the hearing, the plaintiff's Motion for Leave to Amend Complaint will be construed as a motion to supplement under Federal Rule of Civil Procedure 15(d).[a] A supplemental pleading differs from an amended pleading in two respects: amended pleadings relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; supplemental pleadings address events that occurred subsequent to the initial pleading and add to the pleading. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397,

---

[a] Federal Rule of Civil Procedure 15(d) states:

> [o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

401 (E.D. Wis. 2008) (citing 6A Charles A. Wright, Arthur R. Miller and Mary Kay

Kane, *Federal Practice & Procedure* § 1504 (2d ed.1990)). "An application for leave to file a

supplemental pleading is addressed to the discretion of the court and should be freely

granted when doing so will promote the economic and speedy disposition of the entire

controversy between the parties, will not cause undue delay or trial inconvenience, and will not

prejudice the rights of any of the other parties to the action." 6A Charles A. Wright, Arthur R.

Miller and Mary Kay Kane, *Federal Practice & Procedure* § 1504 (3d ed. Sept. 2018 Update).

The Fifth Circuit has relied on Rule 15(a) cases when determining the relevant factors to

consider when evaluating leave to supplement a pleading under Rule 15(d). *Chemetron Corp. v.*

*Bus. Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982), *vacated on other grounds*, 460 U.S. 1007,

103 S. Ct. 1245, 75 L. Ed. 2d 476 (1983); *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).

"Those cases list several factors that justify denial of leave to amend: (1) undue delay, (2) bad

faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous

amendments, (4) undue prejudice to the opposing party, or (5) futility of amendment."

*Chemetron Corp.*, 682 F.2d at 1194 (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598

(5th Cir. 1981); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)).

Rule 15(d) is intended "to promote as complete an adjudication of the dispute between

the parties as possible." 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal*

*Practice & Procedure* § 1504 (3d ed. Sept. 2018 Update). A supplemental pleading should be

allowed when it "facilitates the efficient administration of justice." *Habitat Educ. Ctr., Inc. v.*

*Kimbell*, 250 F.R.D. at 402.

After lengthy argument from both parties, the court finds the motion to supplement

should be granted. The court agrees that the supplement "sets forth no *new* causes of action" or

additional "categories of asserted damages." Docket 149 (emphasis supplied). Rather, the supplemental pleading is the plaintiff's attempt to "promote as complete an adjudication of the dispute between the parties as possible" by stating the factual allegations supporting the causes of action alleged in the original Complaint.

NAMB's argument that the supplement "significantly expands the scope of this case" is not well taken. Docket 171. While the supplemental pleading clarifies NAMB's pre-termination conduct[b] and contains additional factual allegations detailing NAMB post-termination conduct, nothing therein gives rise to *new* causes of action not previously alleged in this action. The plaintiff's proposed pleading alleges additional incidents of interference with contract and economic relations, defamation, and infliction of emotional distress that have been largely known to NAMB whether through the plaintiff's initial disclosures, discovery responses, or information and documentation within NAMB's possession and as such, will not require extensive additional discovery. For these reasons, the court finds NAMB is not sufficiently prejudiced to warrant denying leave to supplement.

Furthermore, the plaintiff's original Complaint alleges that "[n]otwithstanding [his] termination from employment, NAMB through its agents, officers and directors has *continued a course of conduct* designed to interfere with the business and contractual relationships of Plaintiff McRaney and various third parties." Docket 2 at 5 (emphasis supplied). These claims

---

[b] The court is cognizant of Rule 15(a)'s standard for evaluating matters that occurred prior to the filing of the original pleading. However, after hearing the parties' arguments regarding the pre-termination conduct alleged in the supplemental pleading (which occurred prior to the filing of the original Complaint), it is clear that the plaintiff is merely clarifying his original allegations and not substantively alleging new conduct. The supplemental pleading addresses the alleged pre-termination conduct in greater detail than in the original Complaint and, as intended by Rule 15(d), promotes a more complete adjudication of the dispute on the merits.

include, "but [are] not limited to" the specific actions detailed therein. *Id*. In light of this

allegation, the addition of factual bases for the claims asserted is of no great surprise to NAMB.

Nevertheless, NAMB argues that this action is limited to the January 1, 2013 to January

1, 2017 time frame outlined in the court's February 16, 2022 Order pertaining only to certain

discovery requests. *See* Docket 100. NAMB argues the limitations imposed on discovery in the

Order foreclose the plaintiff's ability to supplement his Complaint with the specific instances of

"continuing conduct" set forth therein. While the court disagrees for the aforementioned reasons,

the specific discovery requests subject to the February 16, 2022 Order were temporally limited

because the plaintiff had not alleged conduct beyond that time frame. In light of the additional,

discrete occurrences alleged in the supplemental pleading for which discovery *after* January 1,

2017, may be relevant, NAMB is now required to respond to the plaintiff's Request for

Production of Documents #3 seeking all documents mentioning and referring to the plaintiff,

including NAMB's communications with others about the plaintiff, from January 1, 2017,

through the present date. Because the plaintiff stopped working for BCMD in June 2015, the

court does not envision this production of unprivileged documents will be unduly burdensome.

## II.  NAMB's Motion to Compel Discovery Responses

Consistent with the court's ruling during oral argument, the plaintiff is ordered to fully

respond the following interrogatories no later than January 20, 2023:  Interrogatories No. 3, 4, 5,

7, 8[c], 9, 10, 11, 12, and 13. The court finds that the plaintiff has sufficiently responded to

Interrogatory No. 6 and further sustains the plaintiff's objections to Interrogatories No. 21 and

22.

---

[c] This interrogatory is limited to three years prior to the date of plaintiff's termination through the present date.

### III.    Plaintiff's Motion to Compel Production of Discovery Material from Defendant

Again, consistent with the court's ruling during oral argument, NAMB is ordered to respond to Request for Production No. 7 by producing all responsive documents under a protective order. As for Request for Production No. 9, NAMB is ordered to submit all responsive documents to the court for in-camera review no later than December 9, 2022.

NAMB is ordered to supplement all discovery responses to include information from members of its Board of Trustees who are identified in its initial disclosures and/or identified in its privilege log. With respect to this production, NAMB is ordered to comply with the plaintiff's definition of "documents" as set forth in its discovery requests, excluding the production of text messages, that are relevant to the claims and defenses in this action from January 1, 2013, to the present. The plaintiff's request to compel the production of text messages with respect to all discovery requests is denied. Finally, as discussed herein, the court's February 16, 2022 Order did not limit this case or *all* discovery efforts to only events occurring prior to January 1, 2017. In light of the facts set forth in the supplemental pleading, NAMB is ordered to supplement its response to the plaintiff's Request for Production #3 through the present date.

Accordingly, the plaintiff is **ORDERED** to file its Supplemental Pleading in the same form as Docket 176-1 no later than December 13, 2022. The parties are further **ORDERED** to supplement their discovery responses as outlined herein no later than January 20, 2023. p

This the 7th day of December, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**