IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILL MCRANEY** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 1:17-CV-80-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.** **DEFENDANT**

## ORDER DENYING MOTION TO QUASH

Non-party Baptist Convention of Maryland/Delaware, Inc. ("BCMD") has filed a motion to quash subpoenas issued by the defendant The North American Mission Board of the Southern Baptist Convention, Inc. ("NAMB"). Docket 177. Federal Rule of Civil Procedure 45(a)(2) provides that "a subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). Appropriately, the subject subpoenas were both issued from this court. *See* Docket 177-1, 177-2. However, Rule 45(d)(3)'s applicable provisions only allow "the court for the district where compliance is required" to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3).

NAMB served a subpoena *duces tecum* on BCMD which commands production at a specific location in Washington D.C. Docket 177-1. NAMB also served a deposition subpoena for "Bill Warren, c/o Angela B. Grau, Davis, Agnor, Rapaport & Skalny, LLC, 10211 Wincopin Circle, Suite 600, Columbia, Maryland 21044." Docket 177-2. While the subpoena is for a "place, date, and time to be determined," Federal Rule of Civil Procedure 45(c)(1)(A) limits a deposition subpoena to "within 100 miles of where the person resides, is employed, or regularly transacts business in person."

Because Rule 45(d)(3)(A) and (B) both require that a motion to quash or modify be filed with "the court for the district where compliance is required," BMCD's motion to quash is denied.

This the 21st day of December, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**