IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILL MCRANEY**                                                                                               **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 1:17-CV-80-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.**               **DEFENDANT**

**ORDER**

After a hearing on the plaintiff Will McRaney's Motion to Compel Production of Discovery Material from the Defendant, the court ordered the Defendant North American Mission Board of the Southern Baptist Convention, Inc.'s ("NAMB") to submit all responsive documents to Request for Production No. 9 for in-camera review. The plaintiff's Request for Production No. 9 seeks

> [a] Any agreement(s) You have entered into with any individual or organization that you believe limits or constrains, in any way, the ability or authority of any such individual or organization to speak, write or comment about Plaintiff, about NAMB, or about this case (including but not limited to any severance agreements, non-disclosure agreements, nondisparagement agreements, or "cooperation agreements").

In its discovery response, NAMB identifies in its privilege log "four agreements between NAMB and certain NAMB employees prepared by counsel for NAMB and entered into for the purpose of facilitating the exchange of information related to this litigation between those employees and counsel for NAMB." Docket 154-4 at 6. These documents were withheld citing the work product doctrine. *Id*. NAMB states these agreements "were created to ensure these employees protected information they obtained while assisting counsel both during their employment and if they ever left NAMB" and "may reveal counsel's mental impressions." Docket 169. The plaintiff contends he "is entitled to know how witnesses or potential witnesses

are constrained in their ability to speak or provide testimony in this case" and requests that the court compel production of these agreements in their entirety.

Under Federal Rule of Civil Procedure 26(b)(1), parties may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…" FED. R. CIV. P. 26(b)(1). "[A] party claiming privilege must (1) expressly claim privilege and (2) sufficiently describe the nature of documents or communications, without revealing the protected information, such that the opposing party is able 'to assess the claim.'" *SmartPhone Tech. LLC v. Apple, Inc.*, No. 6:10-cv-74 LED-JDL, 2013 WL 789285, at *1 (E.D. Tex. Mar. 1, 2013) (quoting FED. R. CIV. P. 26(b)(5)(A)(ii)). "The work product doctrine insulates a lawyer's research, analysis, legal theories, mental impressions, notes and memoranda of witness' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 122 F.R.D. 507, 510 (N.D. Miss. 1988) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981); *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)).

The work product protection applies only to documents "prepared in anticipation of litigation." Fed.R.Civ.P. 26(b)(3). "A party asserting work-product protection over particular materials must demonstrate: (1) the materials sought are tangible things; (2) the materials sought were prepared in anticipation of litigation or trial; (3) the materials were prepared by or for a party's representative." *Mondis Tech., Ltd.*, 2011 WL 1714304, at *2 (E.D. Tex. May 4, 2011) (citing *SEC v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2009)). The party seeking production must establish (1) a substantial need of the privileged materials and (2) an inability to obtain the substantial equivalent of the material through other means without undue hardship. *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). "The burden of establishing that a document is work product is on the party who

asserts the claim, but the burden of showing that the materials that constitute work product should nonetheless be disclosed is on the party who seeks their production." *Id*.

Examination of the agreements between NAMB and certain NAMB employees reveals that while the documents were prepared in anticipation of litigation, they do not contain counsel's "research, analysis, legal theories, mental impressions, notes [or] memoranda of witness' statements." *See Dunn v. State Farm Fire & Cas. Co*., 122 F.R.D. at 510. These agreements intend to protect the content of "litigation activities" to the extent they include information that is legally privileged and inadmissible in a hearing or at trial under the work product doctrine and/or attorney-client privilege; however, the agreement itself contains no such protected information. To the extent NAMB believes the identities of the current and former employees who signed these agreements constitute work-product, the court disagrees.

The confidentiality and nondisclosure agreement attempts to cover only matters protected by the attorney-client and work product privileges and specifically defines what constitutes work product. This agreement also includes an enforcement provision allowing for equitable relief, and the possibility for other remedies, in the event of a breach or threatened breach of the agreement. The mere existence of these agreements raises the possibility of a potential witness self-censoring testimony and withholding information based on the belief that it is privileged, even without a formal invocation of the privilege. Even if NAMB's selection of the employees subject to these agreements can be construed as work product, the plaintiff is entitled to know which employees are subject to these agreements. Accordingly, NAMB is ordered to produce the agreements identified in its privilege log under a protective order if they so choose no later than December 30, 2022.

This the 22nd day of December, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**