**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**WILL MCRANEY**                                                                             **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:17-CV-80-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD
OF THE SOUTHERN BAPTIST CONVENTION, INC.**        **DEFENDANT**

### ORDER GRANTING PROTECTIVE ORDER

After considering counsels' arguments during a status conference held this day, the court grants the plaintiff's *ore tenus* motion for a protective order with respect to the depositions of the plaintiff's experts. Counsel for the plaintiff notified the court via email that on February 20, 2023, the plaintiff received notice for the first time of the defendant's intent to depose the plaintiff's experts on March 1 and March 3, 2023. In light of the March 3, 2023 discovery deadline, the plaintiff moved for a protective order citing Rule 32(a)(5)(A) which provides "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place – and this motion was still pending when the deposition was taken."

When discovery is sought from a party or person, Rule 26(c)(1)(B) allows a court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms, including time and place, for the disclosure or discovery." The discovery deadline in this case is March 3, 2023, and the parties are well aware of the court's inability to extend that deadline in light of the June 5, 2023 trial setting. Docket 206. Undoubtedly, the defendant's attempt to notice the depositions of the

plaintiff's experts within days of the discovery deadline qualifies as a "deposition taken on short notice" under Rule 30(a)(5)(A).

As required by the rule, the plaintiff promptly sought a protective order under Rule 26(c)(1)(B). Compliance with the proposed notices of deposition would clearly be a hardship on plaintiff's counsel and the witnesses. The deposition would pose an undue burden not only because counsel are already engaged in other depositions on the very dates noticed, but also for the lack of adequate time to prepare. The court finds good cause to grant the plaintiff's *ore tenus* motion for a protective order prohibiting the defendants from deposing the plaintiff's experts on March 1 and March 3 or on any other date prior to the discovery deadline.[1] Should the court grant a trial continuance, the undersigned will consider a renewed request to depose the plaintiff's experts.

This the 23rd day of February, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This court's Local Uniform and Civil Rules provide that all depositions must be concluded by the discovery deadline. L.U.Civ.R. 26(b)(1). Therefore, defendant's suggestion that the expert depositions could occur outside the discovery period is not well taken. Additionally, a motion to compel the deposition testimony at this stage in this litigation would fail as the Local Rules further provide that discovery motions must be filed sufficiently in advance of the discovery deadline to allow a response to the motion, ruling by the court, and time to effectuate the court's order. L.U.Civ.R. 7(b)(2)(C).