IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILL MCRANEY**                                                                **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 1:17-CV-80-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.**            **DEFENDANT**

### ORDER PERMITTING EXPERT DEPOSITIONS

This court previously granted the plaintiff's *ore tenus* motion for a protective order prohibiting the defendant from deposing the plaintiff's experts due to the imminent discovery deadline. Docket 231. The order states "[s]hould the court grant a trial continuance, the undersigned will consider a renewed request to depose the plaintiff's experts." *Id*. The trial in this case has been continued to September 18, 2023, and the defendant has renewed its request to depose the plaintiff's experts. Docket 248. The court has considered the parties' briefs as to whether these depositions should be permitted and is prepared to rule.

Under the current case management order, the discovery period ended on March 3, 2023. Docket 206. The parties have agreed to extend the discovery period to May 4, 2023, for specific discovery outlined in the court's Stipulated Order Modifying Case Management Order. Docket 246. However, they dispute whether the defendant should be permitted to depose the plaintiff's experts at this late stage in the litigation, after the original discovery deadline expired.

Federal Rule of Civil Procedure 16(b)(4) provides that the scheduling order "may be modified only for good cause and with the judge's consent." This rule requires a party to show why the dates originally set by the scheduling order could not "reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b), advisory committee's note (1983); *see Marathon Financial Insurance, Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th

Cir. 2009) (internal citation omitted). In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 535 (5th Cir.2003); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990).

The plaintiff argues the defendant fails to address the "good cause" standard for amending the scheduling order to allow this late-stage discovery and further maintains he would be prejudiced if the depositions are permitted. Docket 245. He argues his counsel's resources would be diverted from the remaining agreed-upon discovery and motions practice, and he will suffer financial prejudice if made to prepare for these depositions. *Id*. Conversely, the defendant argues it will be prejudiced if unable to depose the experts on their opinions and bases therefore. Docket 244.

The plaintiff designated his experts on September 30, 2022. Docket 133, 134. The defendant notified the plaintiff of its desire to depose these experts for the first time more than four months later on February 20, 2023, only nine business days before the close of discovery. Docket 245. While the defendant does not have a compelling explanation for its failure to conduct these depositions during the discovery period, this court recognizes the importance of expert testimony which outweighs the prejudice the plaintiff claims he will suffer if the depositions are allowed. Furthermore, the trial continuance alleviates the prejudice the plaintiff claims his counsel will suffer in preparing for expert depositions. His argument regarding financial prejudice is unpersuasive in light of the fact that he designated these experts, and the

defendants are entitled to depose them regarding their opinions and the facts on which they are based.

Pursuant to the Stipulated Order Modifying Case Management Order and the agreed-upon deadlines set forth therein, the defendant is permitted to depose the plaintiff's experts by May 4, 2023.

**SO ORDERED**, this the 24th day of March, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**