# EXHIBIT 17

CONFIDENTIAL

## SEPARATION AGREEMENT AND RELEASE

THIS SEPARATION AGREEMENT AND RELEASE (this "Agreement") is made as of July 16, 2015, by and between Will McRaney ("Dr. McRaney"), and the Baptist Convention of Maryland/Delaware, Inc., a Maryland religious corporation (the "Convention").

WHEREAS, Dr. McRaney has been employed by the Convention as the Executive Director since October 1, 2013; and

WHEREAS, on June 8, 2015 the Convention's General Mission Board voted to end Dr. McRaney's employment with the Convention; and

WHEREAS, on June 9, 2015, Dr. McRaney resigned from his employment with the Convention and the Convention accepted his resignation; and

WHEREAS, the parties wish to provide Dr. McRaney with severance pay and certain other separation benefits, and further to provide for resolution and release of any and all claims Dr. McRaney may have against the Convention in any way related to Dr. McRaney's employment with, or separation from, the Convention.

NOW, THEREFORE, in consideration of the foregoing recitals (which will be deemed a substantive part of this Agreement), and the mutual covenants contained herein, and other consideration the receipt and sufficiency which is hereby acknowledged, the parties agree as follows:

1. **Resignation.** Dr. McRaney resigned from his employment with the Convention on June 9, 2015 (the "Resignation Date"). If Dr. McRaney does not sign this Agreement, or if Dr. McRaney revokes this Agreement within the seven (7) day Revocation Period described in Section 13 below (the "Revocation Period"), Dr. McRaney's employment is nevertheless terminated as of the Resignation Date. Dr. McRaney's employment with the Convention will be deemed terminated for all purposes as of the Resignation Date. Dr. McRaney waives all rights to employment with the Convention. Dr. McRaney agrees not to apply for or seek reinstatement or re-employment by the Convention.

2. **Accrued Compensation.** Whether or not Dr. McRaney signs this Agreement, Dr. McRaney will receive his wages and other compensation, if any, accrued through the Resignation Date, less all required withholdings. Such compensation was paid to Dr. McRaney on July 1, 2015, the first regular payroll date following the Resignation Day. Dr. McRaney will not accrue any paid time off (PTO), annuity contributions, sick leave or any other compensation or benefits after the Resignation Date. Except for Dr. McRaney's right to receive reimbursement of health insurance premiums under Section 3(b) of this Agreement, Dr. McRaney's eligibility, if any, for health insurance, life insurance, disability benefits, annuity contributions, and all other benefits and perquisites provided or funded by the Convention will end after the Resignation Date.

CONFIDENTIAL

3. <u>Separation Benefits</u>. Although not required to do so, the Convention will provide Dr. McRaney with the following accommodations (the "Separation Benefits"), contingent on Dr. McRaney signing this Agreement, provided Dr. McRaney does not breach this Agreement and that Dr. McRaney does not revoke this Agreement during the seven (7) day Revocation Period:

(a) <u>Severance Pay</u>. The Convention will continue to pay Dr. McRaney his salary, housing allowance and Social Security offset, at the rate as of the Resignation Date, as severance pay (the "Severance Pay") for a period of six (6) months commencing upon the Resignation Date and continuing through December 9, 2015. The total amount of such Severance Pay is $67,681.98. Payments of Severance Pay will be made to Dr. McRaney in monthly installments, less all required withholdings, according to the Convention's regular payroll policy and schedule. The first installment will be paid to Dr. McRaney on the first regular payroll date following the last day of the Revocation Period. Dr. McRaney will not receive Severance Pay if Dr. McRaney does not sign this Agreement or if Dr. McRaney revokes this Agreement within the seven (7)-day Revocation Period. Dr. McRaney will not receive any payment of Severance Pay prior to expiration of the seven (7)-day Revocation Period. Any Severance Pay scheduled to be paid prior to the end of the seven (7)-day Revocation Period will be accumulated and paid (without interest) on the first regular payroll date following the last day of the Revocation Period, if Dr. McRaney signs and does not revoke this Agreement. Dr. McRaney will be entitled to the Severance Pay whether or not Dr. McRaney finds future employment, and the Severance Pay will not be reduced or offset by any of Dr. McRaney's earnings after the Resignation Date.

(b) <u>Reimbursement of Health Insurance Premiums</u>. The Convention will reimburse Dr. McRaney for the amount of health insurance premiums paid by Dr. McRaney during the Premium Reimbursement Period (defined below) for health insurance coverage for himself, his spouse and dependent children, provided that the amount of such reimbursements will not exceed $2,061.81 per month or an aggregate of $12,370.86 for all such health insurance premium reimbursements. The Convention will pay each such premium reimbursement within 15 days following receipt from Dr. McRaney of written verification of each premium payment. Such reimbursable health insurance premiums may include health insurance premiums which Dr. McRaney pays for continued coverage under the Convention's group health insurance plan pursuant to the Maryland continuation of health insurance benefits law if Dr. McRaney elects such continued coverage. After the Premium Reimbursement Period, Dr. McRaney will be financially responsible for all of his, his spouse's and his dependent children's health insurance premiums. The term "Premium Reimbursement Period" means the period commencing with the Resignation Date and continuing for a period ending on the earlier of (a) December 31, 2015 or (b) the date on which Dr. McRaney first becomes eligible to receive health insurance benefits from his new employer.

(c) <u>Retained Equipment</u>. The Convention will allow Dr. McRaney to retain possession and ownership of his Convention-provided cell phone, laptop computer and iPad, provided that Dr. McRaney will first return these items to the Convention and allow a Convention representative to inspect these devices to ensure that no Convention files or property are stored on these devices. The Convention may delete any such Convention files or property stored on these devices, including removal of the current hard drive from the laptop computer.

2

CONFIDENTIAL

Dr. McRaney will be invited to participate in this inspection and removal. Thereafter, Dr. McRaney shall retain possession of these items.

(d) <u>Nature of Benefits</u>. Dr. McRaney acknowledges that the Convention has no obligation to provide Dr. McRaney with Separation Benefits and that the Separation Benefits are above and beyond any wages, housing allowance or benefits to which Dr. McRaney is entitled from the Convention. The Separation Benefits are provided strictly as an accommodation to Dr. McRaney and as consideration for Dr. McRaney's covenants and his release set forth in this Agreement. Dr. McRaney will not receive the Separation Benefits if Dr. McRaney breaches this Agreement. Dr. McRaney will also not receive the Separation Benefits if he revokes this Agreement within the seven (7)-day Revocation Period.

(e) <u>Deductions and Withholding</u>. Dr. McRaney authorizes the Convention to withhold or deduct from any payment of Severance Pay or other Separation Benefits such sums as that are required to be deducted or withheld, including, but not limited to, withholding for Social Security and taxes.

4. <u>No Other Payments</u>. Other than as expressly provided in Sections 2 and 3 above, Dr. McRaney will not be entitled to receive any other compensation, benefits, reimbursements or other payments whatsoever.

5. <u>General Release</u>.

In exchange for the Severance Pay and the other Separation Benefits, Dr. McRaney hereby releases and forever discharges the Convention and its past, present and future affiliates, agencies, supporting organizations, member churches, associations of churches, messengers, committee members (including members of the Administrative Committee and the General Mission Board), officers, employees, trustees, volunteers, agents, attorneys, successors and assigns (collectively, "Released Parties"), from any and all actions, causes of action, suits, claims, debts, liabilities, obligations, covenants, contracts and demands whatsoever, administratively, at law or in equity, which Dr. McRaney ever had, now has or may have, whether known or unknown, foreseen or unforeseen, actual or potential, from the beginning of time to the date hereof and including the date on which Dr. McRaney executes this Agreement, arising from or related to, directly or indirectly, Dr. McRaney's employment with the Convention, or the termination thereof, whether the same are brought under any federal, state or local law or regulation, including, but not limited to the following:

(a) any claim of discrimination or harassment based on age, race, color, sex, religion, handicap, genetics, physical or mental disability, national origin, ancestry, citizenship, pension qualification, marital status, familial status, political opinion or affiliation, or physical appearance, under any federal, state or local law, statute, regulation or ordinance, including, without limitation, any claim under Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991 (42 U.S.C. § 1981); the Age Discrimination in Employment Act (ADEA); the Older Workers Benefit Protection Act (OWBPA); the Americans with Disabilities Act; the Family and Medical Leave Act; the Equal Pay Act; the Worker Adjustment and Retraining Notification Act; the Employee Retirement

3

CONFIDENTIAL

Income Security Act of 1974; the Fair Labor Standards Act; the Consolidated Omnibus Budget Reconciliation Act of 1985 (29 U.S.C. §§ 1161 et seq.); the Rehabilitation Act of 1973 (29 U.S.C. §§ 701 et seq.); the Equal Pay Act; Executive Order 11246; and Executive Order 11141; the Maryland Fair Employment Practices Act, Article 49B of the Annotated Code of Maryland; and §§ 12.200–12.213 of the Howard County Code, all as may have been from time to time amended;

(b) any claim for breach of an actual or implied contract of employment between Dr. McRaney and the Convention or any other agreement between Dr. McRaney and the Convention;

(c) any claim concerning disciplinary action or termination, including any claim of unjust, wrongful, discriminatory, retaliatory or tortious discharge or other adverse employment action (including any claim of whistleblowing), and any claim for arbitration;

(d) any claim concerning severance pay, sick leave, vacation pay, life insurance, group medical insurance, and any other fringe benefits;

(e) any rights or claims for any tort that Dr. McRaney may allege, including any claim of negligence (including negligent infliction of emotional distress, negligent hiring, or negligent retention) and any claim of intentional tort (including libel, slander, assault, battery, and intentional infliction of emotional distress); and

(f) any other claim under any other law, statute, regulation or ordinance relating to the employment relationship, or any other alleged violation of local, state or federal law, constitution, regulation or ordinance, and/or public policy.

Dr. McRaney is not, however, waiving or releasing: (i) any of the Convention's obligations under this Agreement or any right to bring an action to enforce this Agreement; (ii) any right Dr. McRaney may have to receive wages and benefits to which Dr. McRaney may be entitled through the Resignation Date, net of withholding amounts; (iii) Dr. McRaney's right to bring an action to challenge this Agreement's compliance with the Older Workers Benefit Protection Act (OWBPA); or (iv) any claim that cannot be released under applicable law.

For purposes of this Agreement, an employee of the Convention includes any individual who (i) is an employee of the Convention, or (ii) or who performs services for the Convention as an employee of the North American Mission Board ("NAMB") or under a co-employment, shared employment, leased employee or similar contract or arrangement with NAMB.

Nothing in this Agreement is intended to limit in any way any right or ability Dr. McRaney may have to file a charge or claim with the U.S. Equal Employment Opportunity Commission ("EEOC") or comparable state or local agencies. Dr. McRaney retains the right to participate, testify, and assist in such action and to recover any appropriate relief. Dr. McRaney retains the right to communicate with the EEOC and comparable state or local agencies and such communication can be initiated by Dr. McRaney or in response to the government and is not limited by any non-disparagement obligation under this agreement. Dr. McRaney understands and acknowledges that the Convention will rely on

4

this general release as a bar and complete defense to any request for any award of any damages, back pay or other individual relief to Dr. McRaney. Dr. McRaney agrees that this release will survive termination or resignation of employment.

6. <u>Covenant Not to Sue</u>. Dr. McRaney agrees not to file or participate in any civil action, law suit, claim, grievance, complaint or charge with any court or any state or federal or local agency, concerning or relating to any claim or matter released in this Agreement, other than an action to challenge this Agreement's compliance with the Older Workers Benefit Protection Act (OWBPA). Dr. McRaney represents and warrants that he has not filed or otherwise initiated any civil action, law suit, claim, grievance, complaint or charge against the Convention or any of the other Released Parties.

7. <u>Non-Disparagement</u>. Dr. McRaney will not at any time make or induce or assist anyone else in making any disparaging, untrue or misleading statements or communications about the Convention or any of its agencies, member churches or associations, any of the employees, officers or trustees of the Convention or any of its agencies, member churches or associations, or any of the ministries or services provided by the Convention or any of its agencies. The foregoing will not, however, prevent Dr. McRaney from giving factual information required to be given pursuant to subpoena or other compulsory legal process, or from otherwise presenting testimony or other evidence in any suit or other proceeding in connection with this Agreement, including giving factual information as necessary for Dr. McRaney to bring any action to enforce his rights and remedies under this Agreement or to challenge this Agreement's compliance with the Older Workers Benefit Protection Act (OWBPA) or defending any action brought against Dr. McRaney.

8. <u>Transition Cooperation</u>. For a period of time after the Resignation Date through December 31, 2015, Dr. McRaney will, at the Convention's request, provide reasonable cooperation and information to the Convention toward an orderly transition of matters which were within the scope of Dr. McRaney's duties and responsibilities while employed at the Convention. Upon the Convention's request, Dr. McRaney will promptly provide the Convention with a report containing a list of all passcodes, passwords, the location and status of files, and other information within Dr. McRaney's knowledge or control. Dr. McRaney will be available at reasonable times to respond to occasional inquiries by telephone and email. The Convention will promptly reimburse Dr. McRaney for any reasonable and legitimate out-of-pocket expenses incurred by Dr. McRaney in providing this cooperation, in accordance with the Convention's regular expense reimbursement policies, upon presentation of documentation of such expenses.

9. <u>Confidentiality</u>. Dr. McRaney shall not use or disclose any Confidential Information and will not use any Confidential Information for his own or another's benefit. For the purposes of this paragraph, Confidential Information means any confidential or proprietary information of the Convention, including but not limited to: financial information; files; correspondence; books and records; and any information which the Convention has received from a third party in confidence. The term "Confidential Information" will not, however, include any information that is already publicly known or available through no act or failure to act by Dr. McRaney. Dr. McRaney shall not disclose the contents of this Agreement to anyone other than Dr. McRaney's spouse, children, legal advisors and professional tax advisors.

BCMD_0634

CONFIDENTIAL

10. **Return of Convention Property.** Subject the provisions of Section 3(c), prior to receiving any of the Severance Pay, Dr. McRaney will immediately return to the Convention, without retaining any copies thereof, all tangible and intangible property of the Convention, including, all equipment, credit cards, charge cards, building pass cards, keys, computers, all books, records, documents and files, and all Confidential Information.

11. **Cooperation in Litigation.** Dr. McRaney will cooperate with reasonable requests from the Convention or its attorneys in giving truthful written or oral testimony in defense or support of any inquiry, litigation, arbitration or administrative proceeding involving the Convention or its agencies about which Dr. McRaney possesses knowledge as a result of Dr. McRaney's employment. To the extent practicable, the Convention will accommodate Dr. McRaney's schedule with regard to Dr. McRaney's availability for preparation for and giving of such truthful testimony. The Convention will reimburse Dr. McRaney for all expenses incurred by Dr. McRaney in preparing for and giving such testimony, including travel, lodging and per diem expenses.

12. **Right to Continue Using Dr. McRaney's Name and Likeness.** In order to facilitate an orderly transition, Dr. McRaney authorizes the Convention for a period of twelve (12) months after the Resignation Date to continue using Dr. McRaney's name, photograph and likeness in the Convention's literature (including *Baptist Life*), website and in any other media now known or hereafter developed (including video, internet or other electronic media) for promoting the Convention's ministries in a positive manner. Dr. McRaney also authorizes the Convention to continue using and displaying and reproducing, in perpetuity, any and all video recordings and audio recordings containing Dr. McRaney's image and/or Dr. McRaney's voice that were recorded prior to the Resignation Date.

13. **Waiver of Age Discrimination Claims.** Dr. McRaney acknowledges that he is waiving and releasing any rights he may have under the Age Discrimination in Employment Act of 1967 ("ADEA") and that this waiver and release is knowing and voluntary. This waiver and release does not, however, apply to any rights or claims that may arise under the ADEA after the date Dr. McRaney signs this Agreement. Dr. McRaney further acknowledges that the Severance Pay and other Separation Benefits paid to Dr. McRaney in consideration for the waiver and release in this Agreement is in addition to anything of value to which Dr. McRaney was already entitled.

Pursuant to the Older Workers Benefit Protection Act (OWBPA), Dr. McRaney further acknowledges and agrees that he has been advised in writing that:

    (a)    Dr. McRaney should consult with an attorney before signing this Agreement;

    (b)    Dr. McRaney has <u>twenty-two (22) days</u> after the date on which he first received this Agreement (the "Review Period"), in which to review and consider this Agreement before signing it;

6

BCMD_0635

CONFIDENTIAL

(c) Dr. McRaney has <u>seven (7) days</u> after he signs this Agreement (the "Revocation Period") to revoke this Agreement;

(d) This Agreement will not become effective until the seven (7) day Revocation Period has expired; and

(e) Nothing in this Agreement prevents or precludes Dr. McRaney from challenging or seeking a determination in good faith of the validity of this waiver under the ADEA, nor does it impose any condition precedent, penalties or costs for doing so, unless specifically authorized by federal law.

If Dr. McRaney decides to sign this Agreement prior to expiration of the twenty-two (22) day Review Period, Dr. McRaney acknowledges that he is doing so knowingly and voluntarily, and without any demand or inducement by the Convention to do so. Dr. McRaney's signature on this Agreement is an express waiver of the twenty-two (22) day Review Period if Dr. McRaney signs this Agreement prior to the expiration of the Review Period. Dr. McRaney understands and acknowledges that the twenty-two (22) day Review Period will begin on **June 18, 2015**, the day immediately following the date on which Dr. McRaney received this Agreement.

If Dr. McRaney wishes to exercise his right to revoke this Agreement, he must deliver written notice of revocation to the Convention within the seven (7)-day Revocation Period in accordance with the "Notices" provisions in Section 19. If Dr. McRaney exercises his revocation right during the Revocation Period, this Agreement will become null and void, and Dr. McRaney will not receive the Severance Pay or any other Separation Benefits. This Agreement will also not serve as evidence for any purpose or as an admission of any fact or liability. If the Convention has not received written notice of Dr. McRaney's revocation within the Revocation Period, this entire Agreement will become effective on the eighth (8th) day after the date Dr. McRaney signs this Agreement.

14. <u>No Admission</u>. Nothing in this Agreement will be deemed or construed to be an admission or acknowledgment by either Dr. McRaney or the Convention (or by any Released Party) (i) of the truth or falsity of any actual or potential claims, (ii) of any fault or liability to the other party or to any third party, or (iii) of any violation of an applicable law.

15. <u>Governing Law; Jurisdiction</u>. This Agreement shall be construed and governed in accordance with the laws of the State of Maryland. All suits, proceedings and other actions relating to, arising out of or in connection with this Agreement shall be brought exclusively in the Circuit Court for Howard County or, as applicable, in the federal courts in the State of Maryland. Each party hereby consents to the personal jurisdiction of such courts, agrees that venue shall properly lie in each of such courts.

16. <u>Severability</u>. If any provision of this Agreement is held to be invalid or unenforceable, in whole or in part, by any court of competent jurisdiction, such invalidity or unenforceability will not affect any other provision hereof. Any provision of this Agreement that is declared invalid or unenforceable will be deemed to be modified to the minimum extent necessary to make such provision valid and enforceable.

BCMD_0636

17. **Entire Agreement.** This Agreement contains the entire agreement between Dr. McRaney and the Convention concerning the subject matter of this Agreement, and there are no other representations, warranties or covenants except as contained herein. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations, letters, summaries, proposals and discussions, whether written or oral, regarding separation of Dr. McRaney's employment and the other matters contemplated herein. No amendment or modification of this Agreement, nor any waiver of any provision hereof, will be effective unless in writing by the Convention and Dr. McRaney.

18. **Rules of Construction.** The enumeration and headings of the sections of this Agreement are merely for convenience of reference and do not constitute representations or warranties, do not impose any obligations whatever and have no substantive significance. Unless the context otherwise requires, whenever used in this Agreement the singular will include the plural, the plural will include the singular, and the masculine gender will include the neuter or feminine gender and vice versa. This Agreement will not be deemed to have been drafted by either party for purposes of any rule of construction.

19. **Notices.** Any notice or other communication to the Convention (including any notice of revocation of this Agreement by Dr. McRaney during the Revocation Period) will be delivered to the following address:

Baptist Convention of Maryland/Delaware, Inc.
10255 Old Columbia Road
Columbia, Maryland 21046
Attn. Mark Dooley, President, General Mission Board

EXECUTED by the parties on the dates set forth below.

_____ Date: 7/7/15
Dr. Will McRaney

BAPTIST CONVENTION OF MARYLAND/DELAWARE, INC.

By: _____ Date: 7/16/15
William Warren, President

By: _____ Date: 7/15/15
Mark Dooley, President, General Mission Board

8