# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILL McRANEY**     **PLAINTIFF**

v.     No. 1:17cv080-GHD-DAS

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.**     **DEFENDANT**

**NAMB'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Comes now The North American Mission Board of the Southern Baptist Convention, Inc. ("NAMB") and hereby answers Plaintiff's Second Set of Interrogatories as follows:

**INTERROGATORY NO. 4:** With respect to the "Separation Agreement and Release" referenced in Your First Amended Answer and Defenses (Doc. 47) describe in detail: (a) when and how You first became aware of its existence; (b) when and how you first became aware of its content; (c) when and how, if ever, You first obtained a draft of it; (d) when and how You first obtained a copy of the executed version of it; (e) all of Your communications, written and oral, with BCMD about it (whether in draft or executed form); and (f) all of Your non-privileged communications with anyone other than BCMD about it (whether in draft or executed form).

**ANSWER:** NAMB objects to this Interrogatory to the extent it seeks information outside of the Relevant Time Period as defined by the Court in its February 16, 2022 discovery order [doc. no. 100]. NAMB further objects to the extent the Interrogatory seeks information that is not relevant to any of the claims or defenses in this lawsuit. NAMB further objects to the extent the definitions accompanying this Interrogatory are overbroad in their attempt to impermissibly expand the scope of NAMB's obligations in responding to written discovery.

1

66015012.v1

NAMB further objects to this Interrogatory to the extent it impermissibly seeks information that would reveal the mental impressions and legal theories of counsel for NAMB, and information discussed between counsel for NAMB and counsel for BCMD as part of the common interest of NAMB and BCMD regarding potential litigation arising from Plaintiff's accusations in his February 3, 2016 correspondence directed to "NAMB Trustees and SBC Leaders."

Subject to and without waiving its objections, NAMB responds to the best of its knowledge, information, and belief as follows:

(a) NAMB did not became aware of the Separation Agreement until after it was fully executed, but NAMB is unable to establish the exact date that one of its officers first learned of the existence of the agreement. NAMB refers Plaintiff to communications it has produced in this litigation bearing Bates Nos. NAMB 7353-7357 wherein Steve Davis (former NAMB employee) and Bill Warren (former BCMD board president) exchanged emails on August 20, 2015 regarding the existence of a separation agreement.

(b) NAMB did not become aware of the contents of the severance agreement until it received a copy of the Separation Agreement after Plaintiff filed his lawsuit against NAMB.

(c) NAMB never received a draft of the Separation Agreement.

(d) NAMB first obtained a copy of the Separation Agreement after Plaintiff filed his lawsuit against NAMB. It was provided to NAMB via counsel for BCMD.

(e) NAMB refers Plaintiff to NAMB's document production, which includes any written communications with BCMD that are in NAMB's possession, custody, or control between January 1, 2013 and January 1, 2017 that may be responsive to this

2

66015012.v1

subparagraph of Interrogatory No. 4. NAMB further states that in February 2016, after receiving Plaintiff's February 3, 2016 correspondence directed to "NAMB Trustees and SBC Leaders" and which references "my [Plaintiff's] severance agreement with the MD/DE Convention," Carlos Ferrer (current NAMB employee) requested a copy of the severance agreement from BCMD. NAMB is informed and believes that counsel for BCMD subsequently spoke with former counsel for NAMB later in the month, and that counsel for BCMD declined to provide a copy of the Separation Agreement to NAMB. Upon information and belief, counsel for BCMD and former counsel for NAMB spoke on a few additional occasions during 2016, and the Separation Agreement was discussed during some conversations. Upon further information and belief, all other communications with BCMD regarding the Separation Agreement occurred after Plaintiff filed his lawsuit against NAMB.

(f) NAMB refers Plaintiff to NAMB's document production, which includes any non-privileged communications with anyone other than BCMD between January 1, 2013 and January 1, 2017 that may be responsive to this subparagraph of Interrogatory No. 4.

Respectfully submitted this the 12th day of October, 2022.

66015012.v1

|     |     |
| --- | --- |
| By: | *s/ Kathleen Ingram Carrington* |

Kathleen Ingram Carrington (MB# 104220)
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(P) 615-651-6745
(F) 615-651-6701
kat.carrington@butlersnow.com

Joshua J. Wiener (MB# 7185)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) 601-985-4501
(F) 601-985-4500
josh.wiener@butlersnow.com

*Counsel for Defendant The North American Mission Board of the Southern Baptist Convention, Inc.*

4

## VERIFICATION

STATE OF GEORGIA

COUNTY OF FULTON

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 12, 2022.

George McCallum
NAMB General Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on this day I had served via email a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, this the 12th day of October, 2022.

*s/ Kathleen Ingram Carrington*
KATHLEEN INGRAM CARRINGTON