# EXHIBIT C

Page 1

```
 1            UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF MISSISSIPPI
 2
 3

 4   Will McRaney,
 5              Plaintiff,
                                    CIVIL ACTION FILE
 6        vs.
                                    NO. 1:17-cv-00080-GHD-DAS
 7   The North American Mission
     Board of the Southern
 8   Baptist Convention, Inc.,
 9              Defendants.
     ~~~~~~~~~~~~~~~~~~~~~~~~~
10
11
12
                    VIDEO DEPOSITION OF
13
                    CARLOS ALBERTO FERRER
14
15
16              September 23, 2022
17                  9:01 a.m.
18
19
20                  Suite 1900
              1170 Peachtree Street, NE
21                Atlanta, Georgia
22
23
24        S. Julie Friedman, CCR-B-1476
25
```

Page 162

1  range to give those numbers by year total for
2  those years, but I didn't ask why those years.
3      Q.  (By Mr. Gant) Counsel drafted that
4  section, and you just signed it?
5      A.  I -- I worked up the numbers to provide.
6      Q.  In terms --
7      A.  Yeah.
8      Q.  -- of Paragraph 3 in your affidavit talks
9  about the years 2013 to 2018, that wasn't your idea?
10     A.  No.
11     Q.  And you just signed the language in
12 Paragraph 3, correct?
13     A.  Right.
14         MS. CARRINGTON:  Object to the form of the
15 question.
16         You can answer.
17         THE WITNESS:  Yes.  I -- I just -- I
18 provided the numbers for those years.
19     Q.  (By Mr. Gant) And then signed the
20 affidavit including that language?
21     A.  Yes.
22     Q.  Which you did not draft?
23     A.  I did not draft.
24         MS. CARRINGTON:  Objection.
25 Mischaracterizes his testimony, which previously

Page 163

1  identifies what he did and did not do in
2  relation to the affidavit that he signed.
3      Q.  (By Mr. Gant) Now can you think of any
4  reason why Mr. Stolle included in his affidavit in
5  Paragraph 3 discussion of a five-year block from 2013
6  to 2018?
7      A.  No.
8      Q.  Can we tell from Mr. Stolle's affidavit
9  how much NAMB contributed to BCMD in 2013?
10     A.  No.
11     Q.  2014?
12     A.  No.
13     Q.  2015?
14     A.  No.
15     Q.  2016?
16     A.  No.
17     Q.  2017?
18     A.  No.
19     Q.  2018?
20     A.  No.
21     Q.  Do you know whether the information set
22 out in Paragraph 3 of Mr. Stolle's affidavit is
23 accurate, the 15 to 20 percent number?
24     A.  I do not know.
25     Q.  And you can put that aside for the moment.

Page 164

1      Have you ever seen NAMB's articles of
2  incorporation?
3      A.  Yes.
4          (Plaintiff's Exhibit 14 was marked for
5  identification.)
6          THE COURT REPORTER:  Plaintiff's 14.
7      Q.  (By Mr. Gant)  You have in front of you
8  what's been marked as Exhibit 14, which is
9  Bates-labeled NAMB 039 through 044.  It's entitled,
10 "Articles of Incorporation for The North American
11 Mission Board of the Southern Baptist Convention,
12 Inc."
13     Do you see that?
14     A.  Yes.  Uh-huh.
15     Q.  And I believe you testified earlier that
16 NAMB had existed with a different name up until 1997;
17 is that right?
18     A.  That's correct.
19     Q.  And then NAMB changed its name -- The
20 name was changed to NAMB in 1997?
21     A.  Actually, it was a -- a -- a combination
22 of three agencies.  There was a -- a volunteer agency
23 in Memphis called The Brotherhood and the Christian
24 Radio and TV Commission in Fort Worth and the Home
25 Mission Board.  In 1977 the Southern Baptist

Page 165

1  Convention voted to combine them; and so that
2  combination took the name of North American Mission
3  Board, the Home Mission Board being the biggest one
4  of those; and so that became the North American
5  Mission Board.
6      Q.  And if you turn to Page 5, these articles
7  of incorporation were dated in February 1997,
8  correct?
9      A.  That's correct.  Uh-huh.
10     Q.  And is that consistent with your
11 recollection, understanding of when NAMB was formed?
12     A.  Yes, sir.  Uh-huh.
13     Q.  And, to your knowledge, has -- have NAMB's
14 articles of incorporation been amended since they
15 were --
16     A.  Uh-huh.
17     Q.  -- set out in Exhibit 14?
18     A.  Yeah.  Yeah.  Our -- Our bylaws have been
19 changed, but I don't -- I don't recall that articles
20 have been -- I don't recall that articles have been.
21     Q.  How many times have NAMB's bylaws been
22 changed?
23     A.  I remember one in particular I was
24 involved in, but that's years ago.
25     Q.  Do you remember approximately when?

Page 166

1  A.  10, 12 years ago, something -- Well,
2  may -- may -- maybe less than that. May -- Maybe
3  eight years -- eight to ten years ago.
4  Q.  Okay. And NAMB is a nonprofit corporation
5  organized under the laws of Georgia, correct?
6  A.  Yes, sir.
7  Q.  NAMB's not a church, is it?
8  A.  It's not a church.
9  Q.  Is the SBC a church?
10 A.  No.
11 Q.  Is the BCMD a church?
12 A.  No.
13 Q.  Okay. Now if you could, turn to Page 2 of
14 Exhibit 14; and please read to yourself Paragraph 7
15 of NAMB's articles of incorporation set out in
16 Exhibit 14.
17 A.  Okay.
18 Q.  Have you read it?
19 A.  Yes. Uh-huh.
20 Q.  Okay. Is that description of NAMB's
21 purpose or purposes consistent with your
22 understanding?
23 A.  Yes. Uh-huh.
24 Q.  Have you ever heard the phrase "supporting
25 organization"?

Page 167

1  A.  Yes.
2  Q.  Have you ever heard it used in connection
3  with the Internal Revenue Code?
4  A.  I'm fairly familiar with it, but not --
5  not totally, but I'm a little bit.
6  Q.  You're aware of it, because you're a
7  certified public accountant?
8  A.  Excuse me?
9  Q.  You're aware of that term
10 "supporting organization" because you're a certified
11 public --
12 A.  Yes.
13 Q.  -- accountant?
14 A.  Uh-huh. Yes.
15 Q.  Is NAMB a supporting organization of any
16 entity, as the term "supporting organization" is used
17 in connection with the Internal Revenue Code?
18 A.  No.
19 Q.  Does Paragraph 7 of NAMB's articles of
20 incorporation use the term "supporting organization"?
21 A.  No. We're -- We're not a supporting
22 organization --
23 Q.  Okay.
24 A.  -- as -- as -- as the meaning of the tax
25 code.

Page 168

1  Q.  Does Paragraph 7 use the phrase supporting
2  organization to describe NAMB's relationship to any
3  other organization or entity -- yes or no?
4  A.  No.
5  Q.  We can put that aside for the moment.
6      (Plaintiff's Exhibit 15 was marked for
7  identification.)
8      THE COURT REPORTER: Plaintiff's Exhibit
9  15.
10 Q.  (By Mr. Gant) Okay. Okay. Exhibit 15 is
11 a compilation similar to Exhibit 10 that we looked at
12 earlier. You recall Exhibit 10 was excerpts from the
13 Annual of the SBC for certain years.
14     This is an excerpt from the annual report
15 of the Mid-Atlantic Baptist Network, which later
16 changed its name to BCMD, correct?
17 A.  Yes.
18     MS. CARRINGTON: Is this a document that's
19 been produced in this litigation, Mr. Gant?
20     MR. GANT: It is not. It's publicly
21 available.
22     MS. CARRINGTON: But it is something that
23 you are using in this deposition that you may be
24 relying upon as in support of your claims or
25 against NAMB's defenses?

Page 169

1      MR. GANT: I'm not required to provide
2  any -- everything that I might use in a
3  deposition.
4      MS. CARRINGTON: It's responsive to
5  discovery anyway.
6      MR. GANT: Well, if we determine it is,
7  then you'll get it; but right now you have it.
8      MS. CARRINGTON: At this juncture you
9  haven't decided if it's responsive to the
10 discovery request that's been served on
11 plaintiff to date?
12 Q.  (By Mr. Gant) Have you ever seen Exhibit
13 15 before?
14 A.  No.
15 Q.  Have you ever seen any part of it?
16 A.  No.
17 Q.  You can put that aside for the moment.
18 A.  (Witness complies with request of
19 counsel.)
20 Q.  Who is David Green?
21 A.  David Green was a former trustee of NAMB.
22 Q.  Do you remember ever communicating with
23 him about Dr. McRaney?
24 A.  He did talk to me about Dr. McRaney at --
25 at an airport. I don't remember the date or when,

43 (Pages 166 - 169)

# Articles of Incorporation for
# The North American Mission Board of the
# Southern Baptist Convention, Inc.

Pursuant to the provisions of the Georgia Nonprofit Corporation Code, the undersigned incorporators deliver these Articles of Incorporation to the Secretary of State for filing:

1. The name of this corporation shall be "The North American Mission Board of the Southern Baptist Convention, Inc."

2. The street address of the corporation's initial registered office in Fulton County is 2300 Cain Tower, 229 Peachtree Street, Atlanta. GA 30303. The initial registered agent at that office is William H. Major.

3. A. The name and address of each incorporator is:

   John P. Avant, Jr., New Hope Baptist Church, 551 New Hope Road, Fayetteville, GA 30214; C. Donley Brown, 202 North Lincoln, Jefferson City, MO 65101-4322; Keith D. Corrick, 11304 Worchester Terrace, New Market, MD 21774; B. Carlisle Driggers, 190 Stoneridge Drive, Columbia, SC 29210-8239; Omer Ray Finch, Jr., 18333 East Admiral Place, Catoosa, OK 74015; Charles G. Fuller, P. O. Box 2799, Roanoke, VA 24001; Michael S. Hamlet, 8740 Asheville Highway, Spartanburg, SC 29303; C. B. Hogue, 41771 Auberry Road, Auberry, CA 93602; Fred L. Lowery, 2810 E. Texas Street, Bossier City, LA 71111; Alice W. Sanders, 500 U. S. 275, Frostproof, FL 33843; Robert L. Sorrell, 2000 Appling Road, Cordova, TN 38018; William G. Underwood, 601 Beech Street, Texarkana, AR 71854; John O. Yarbrough, P. O. Box 5, Perry, GA 31069.

   B. The incorporators shall:

   (1) Reserve the corporate name with the Secretary of State of Georgia;

   (2) Cause the timely publication of notice of intent to incorporate;

   (3) Sign and file with the Secretary of State these articles of incorporation;

   (4) Call an organizational meeting of those persons the 1997 Southern Baptist Convention elects to constitute the board of trustees of this



NAMB-0039

corporation immediately upon the adjournment of the 1997 Convention;

(5) Offer to the board of trustees for the board's consideration a nomination for the office of president;

(6) Offer to the board of trustees for the board's consideration corporate materials including bylaws and resolutions and motions proposed by the Implementation Task Force of The Executive Committee of the Southern Baptist Convention which are necessary and appropriate for commencement of operation; and

(7) Convene a Nominating Committee consisting of those incorporators selected by Brotherhood Commission of the Southern Baptist Convention, Home Mission Board of Southern Baptist Convention, and The Radio and Television Commission of the Southern Baptist Convention, namely C. Donley Brown, Keith D. Corrick, John P. Avant, Jr., Charles G. Fuller, Omer Ray Finch, Jr., and William G. Underwood who, as potential trustees of The North American Mission Board of the Southern Baptist Convention, Inc., shall by majority vote offer to the board of trustees for the board's consideration nominations for the first year for the offices of recording secretary of the corporation, treasurer of the corporation, and chair and vice-chair of the board of trustees;

4. The corporation shall have one member, the Southern Baptist Convention. The member, as such, shall not be liable for the acts, debts, liabilities, or obligations of the corporation.

5. The mailing address of the initial principal office of the corporation is 4200 North Point Parkway, Alpharetta, Georgia 30202.

6. The corporation is organized pursuant to the Georgia Nonprofit Corporation Code.

7. The purpose or purposes for which the corporation is organized shall be to proclaim the gospel of Jesus Christ, start New Testament congregations, minister to persons in the name of Christ, and assist churches in the United States and Canada in effectively performing these functions, consistent with the corporation's ministry statement as it may be amended, and the transaction of any lawful activity in pursuit of the ministry statement.

8. The corporation's board of directors (trustees) shall be composed of the President of the Southern Baptist Convention and persons elected by the Southern Baptist Convention.

   A. One trustee shall be chosen from each cooperating state as defined by the Convention which has twenty thousand members; and one additional trustee from

NAMB-0040

each state having five hundred thousand members, and another additional trustee for each additional five hundred thousand members in such state.

B. (1) The initial trustees so chosen shall be divided into four groups as nearly equal as possible, and one group shall be elected to a term of one year, the second group to a term of two years, the third group to a term of three years, and the fourth group to a term of four years. Otherwise, trustees shall be elected to terms of four years.

(2) The board of trustees shall cause the Committee on Nominations of the Southern Baptist Convention to be immediately notified upon the occurrence of vacancies on the board.

(3) Neither an initial trustee, nor a subsequently elected trustee having served consecutively two full terms of four years on this board of trustees, shall be eligible for re-election until as much as one year has elapsed.

C. (1) In addition to and separate and apart from the provisions for board composition set forth in Subsections A and B above, the Convention may elect to the initial board of trustees persons who were, at the time of their election, trustees serving, or eligible to be elected to serve, a second consecutive term on the boards of trustees of Brotherhood Commission of the Southern Baptist Convention, Home Mission Board of the Southern Baptist Convention, or The Radio and Television Commission of the Southern Baptist Convention. Such persons elected shall serve one term on this board, not to exceed four years in length, as specified by the Convention, and shall thereafter be ineligible for re-election until as much as one year has elapsed.

(2) However, if a vacancy occurs in a position on the board as formulated in Subsection A, the Convention may elect one of the trustees originally elected under this Subsection (C) to fill that vacancy. If that occurs the trustee's term shall be fixed by the Convention when the trustee is elected to the Subsection A position.

(3) If a position on the board occupied by a trustee elected under this Subsection C becomes vacant for any reason, including the expiration of the trustee's term of office, the vacancy shall not be filled and instead the total number of trustees of the corporation shall be reduced by one.

(4) Any person who was elected to the board under this Subsection C and whose term of office has expired shall not be eligible for election under

3

Subsection A until he or she has been out of office for at least one year.

(5) Subsection C shall be deleted from this charter effective June 17, 2001.

D. A trustee shall be disqualified from further service on the board of trustees and his or her position shall be deemed vacant when:

(1) the trustee ceases to be a resident member of a church either geographically within the state or affiliated with the Convention of the state from which the trustee has been elected as a representative; or

(2) the trustee ceases to be a member of a Baptist church cooperating with this Convention; or

(3) the trustee receives any part of his/her salary, directly or indirectly from the corporation; or

(4) if the corporation provides funds for which he/she has a duty of administration; or

(5) the trustee (other than the President of the Southern Baptist Convention) serves on any other board of directors elected by the Southern Baptist Convention.

9. The Southern Baptist Convention may remove, with or without cause, one or more directors elected by the Convention.

10. The trustees shall not be personally liable to the corporation or its member for monetary damages for breach of duty of care or other duty as a director, provided that this provision shall not eliminate or limit the liability of a director:

A. For any appropriation, in violation of his duties, of any business opportunity of the corporation;

B. For acts or omissions which involve intentional misconduct or a knowing violation of law;

C. For the types of liability set forth in O.C.G.A. §14-3-860 through §14-3-864; or

D. For any transaction from which the director received an improper personal benefit.

11. The corporation is organized and operated exclusively for religious purposes. No part of the

4

NAMB-0042

net earnings of the corporation shall inure to the benefit of any individual. No substantial part of the activities of the corporation shall be carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of, or in opposition to, any candidate for public office.

12. The assets of the corporation shall be dedicated to the purposes of the corporation. Dissolution of the corporation shall occur only with the approval of the Southern Baptist Convention. Upon dissolution of the corporation and after paying or making provision for the payment of all liabilities, the assets shall be distributed to the Southern Baptist Convention, if the Convention shall at the time qualify as an exempt organization under Section 501(c)(3) of the Internal Revenue Code of 1954, or corresponding section of any future United States Internal Revenue law. If the Southern Baptist Convention is not then so exempt, the assets shall be distributed only to an organization or organizations exempt from taxation, pursuant to Section 501(c)(3) of the Internal Revenue Code of 1954, as amended.

13. The corporation shall act in conformity with the Business and Financial Plan of the Southern Baptist Convention. Any subsidiary corporation established by this corporation shall first be authorized by the Convention or its Executive Committee and its proposed charter approved by the same.

14 These Articles of Incorporation may not be amended without the approval in writing of the Southern Baptist Convention.

Dated this ____ day of _____, 1997.

Signed by the following incorporators:

John P. Avant, Jr.

Keith D. Corrick

C. Donley Brown

B. Carlisle Driggers

5

NAMB-0043

_____  _____
Omer Ray Finch, Jr.          Alice W. Sanders

_____  _____
Charles G. Fuller            Robert L. Sorrell

_____  _____
Michael S. Hamlet            William G. Underwood

_____  _____
C. B. Hogue                  John O. Yarbrough

_____
Fred L. Lowery

APR 24  1 30 PM '97
BSR (1)
SECRETARY OF STATE

6