**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

WILL McRANEY

      PLAINTIFF

V.                                                                                                                                                                                 No. 1:17cv080-GHD-DAS

THE NORTH AMERICAN MISSION BOARD
OF THE SOUTHERN BAPTIST CONVENTION, INC.

      DEFENDANT

**<u>NON-PARTY BAPTIST CONVENTION OF MARYLAND/DELAWARE, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL</u>**

The Court is familiar with the procedural and factual history concerning non-party Baptist Convention of Maryland/Delaware, Inc. ("BCMD")'s connection to this litigation and the claims asserted, so it will not be repeated here. That said, it has always been BCMD's position that the internal decisions it made concerning Plaintiff's employment were confidential personnel matters that were guided by religious and ecclesiastical considerations. And the Court has previously agreed. *See* Order [Doc. 129] (finding "BCMD's internal employment practices and management decisions" "is private and confidential" "and that the public's interest in such information is outweighed by BCMD's"). *See generally* Mot. to Seal [Doc. 126]. BCMD again seeks this relief regarding a document submitted by Defendant North American Mission Board of the Southern Baptist Convention, Inc. ("NAMB") as an exhibit to its Motion for Summary Judgment that includes private and confidential information regarding BCMD's internal employment practices and management decisions, specifically the decision-making process that led to Plaintiff's separation. In particular, Exhibit 13 to NAMB's Motion for Summary Judgment [Doc. 263-14] are minutes of a special meeting of BCMD's General Mission Board, its governing body, held for

the specific purpose of discussing and debating the decision that led to Plaintiff's separation. The minutes include quotes and summaries of statements and testimony given by board members and BCMD leadership who spoke at the meeting. As the Court has already found in response to a similar request, BCMD's interest in maintaining the privacy and confidentiality of these statements and testimonials greatly outweighs the public's interest in having access to the statements and testimony.

For these reasons, as more fully set forth below, BCMD respectfully requests that its Motion be granted and that those portions of Exhibit 13 that contains confidential statements and testimony of board members and BCMD leadership be filed under seal and that NAMB be directed to file a redacted version of Exhibit 13 as well as a redacted version of its memorandum, redacting references to the sealed portions of the exhibit.

## ARGUMENT

A. **STANDARD OF REVIEW**

In *Smith v. Corr. Corp. of Am., LLC*, No. 4:16-CV-59-DMB-JMV, 2017 U.S. Dist. LEXIS 23037 (N.D. Miss. 2017), the Court articulated the standards applicable to a request to seal court filings stating:

> In considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848-49 (5th Cir. 1993).

*Id.* at *3. The decision to seal records is analyzed on a case-by-case basis and is left to the sound discretion of the court. *See Belo Broad Corp v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981). Courts have granted requests to seal exhibits to a dispositive motion where the balancing test weighs in

favor of the moving parties' interest in having the document sealed. *See e.g. Smith*, 2017 U.S. Dist. LEXIS at *4 (holding that there were sufficient grounds to seal a report of a company's internal investigation where the report contains matters unavailable to the public and the public's interest is outweighed by the company's interest in preserving confidentiality of internal personnel matters).

B. **EXHIBIT 13 TO NAMB'S MOTION FOR SUMMARY JUDGMENT CONTAINS PRIVATE AND CONFIDENTIAL INFORMATION THAT SHOULD BE SEALED FROM PUBLIC ACCESS.**

Exhibit 13 to NAMB's Motion for Summary Judgment contains private and confidential information that should be sealed. For that reasons, the Court should afford the private and confidential information the same protection it afforded Exhibits A and B to NAMB's Motion for Reconsideration. *See generally* Order [Doc. 129] (granting a motion to seal); Mot. to Seal [Doc. 126].

Exhibit 13 are the General Mission Board ("GMB") Meeting Minutes of a special meeting held for the specific purpose of discussing and debating the decision that led to Plaintiff's separation. The minutes include quotes and summaries of statements and testimony made by board members and BCMD leadership who spoke at the meeting. Given the nature of the meeting and the nature of the issues discussed, the statements and testimony were made for the purpose of assisting the GMB in making a private personnel decision guided by religious and ecclesiastical considerations. The statements are not made available to the public, are known only to those who were present at the meeting, and BCMD has great interests in maintaining the privacy and confidentiality of the statements.

As the Fifth Circuit noted in *Whole Women's Health* where disclosure of documents relating to the internal matters of a religious organization was at issue, there is a real concern that disclosure of a religious organization's internal decision-making regarding organizational matters

3

could have a chilling effect on a religious organization's freedom to govern itself based on its religious beliefs. The Court stated:

> **As for the free speech, free association, and petition claims under the First Amendment, the district court failed to afford sufficient scope to rights that should protect the inner workings of TCCB when it engages in activity in the public square.** The district court seemed to limit the associational rights to the "chilling" of membership and tangible harassment. In *Perry*, however, the Ninth Circuit squarely considered these rights and exempted from discovery the internal communications of a citizens' group that was supporting California Prop 8 (opposing gay marriage). 591 F.3d at 1165. The court understood that communications within such a group must be permitted to be broad, uninhibited, and fearless, and that protecting such deliberations is a seminal aspect of the freedom to associate.
>
> *Perry*, to be sure, recognized a qualified privilege based on Supreme Court precedent. *See Perry*, 591 F.3d at 1155-56; *Flanagan v. United States*, 465 U.S. 259, 267-68 104 S. Ct. 1051, 1055-57, 79 L. Ed. 2d 288 (1984); *Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539, 557 83 S. Ct. 889, 899, 9 L. Ed. 2d 929 (1963). That balancing approach reconciles *Perry* with cases like *Ambassador College v. Geotzke*, which was a fraud case against a religious college, and *United States v. Holmes*, which held religious groups may be subject to government inquiries to maintain tax exempt status.
>
> **Contrary to the district court, however, the explanation of how TCCB's activities—and the activities of any other religious institution forced to endure similar discovery—are "chilled" by enforcement of this subpoena seems self-evident.** As TCCB describes, in addition to the significant cost of complying with the original subpoena (100 work hours and over $20,000 in attorney's fees), TCCB has delayed and missed ministry opportunities; suffered in relationships with other Catholic ministries whose communications it was forced to disclose; was required to cancel internal ministry reports and training materials; TCCB bishops and staff were discouraged from engaging in other public policy activities; and Texas Catholic cemeteries were deterred from participating in the fetal remains registry. **TCCB's ability to conduct frank internal dialogue and deliberations was undermined, and not only because enforcement of the subpoena inhibits the further use of email communications. Why the district court found "chilling" but not "severe" its discovery**

4

> **order's impact on TCCB's internal email communications, in this era of instant group communication, is hard to fathom.** Even more disturbing, this discovery order forces TCCB to turn over to a public policy opponent its internal communications, setting a precedent that may be replicated in litigation anywhere.

*Whole Woman's Health v. Smith*, 896 F.3d 362, 372-74 (5th Cir. 2018) (emphasis added).

Here, this same concern regarding a chilling effect on the ability of religious organizations to manage their internal affairs caused by disclosure of internal communications and discussions regarding private and confidential organizational matters may be addressed by sealing those portions of the minutes that quote or paraphrase statements or testimony given by members of the GMB and leadership of BCMD at the meeting.

The public's interest in this information is greatly outweighed by BCMD's interest in preserving the confidentiality and privacy of this information. And, there is more than reasonable basis for this Court to partially seal this exhibit by redacting those statements and testimony and any references in NAMB's memorandum that references those portions of the minutes that are to be sealed. *See e.g. Smith*, 2017 U.S. Dist. LEXIS at *4 (holding that there were sufficient grounds to seal a report of a company's internal investigation where the report contains matters unavailable to the public and the public's interest is outweighed by the company's interest in preserving confidentiality of internal personnel matters).

To be clear, BCMD is not seeking to seal the entire exhibit, but rather only those portions of the minutes that quote or paraphrase statements or testimony given by members of the GMB and BCMD leadership at the meeting. Attached, as <u>Exhibit A</u> to the Motion, is a redacted version of Exhibit 13 that reflects redactions of those portions of the minutes BCMD submits should be redacted. Limiting the redactions to only those portions of the minutes that quote or paraphrase

statements or testimony given by board members and BCMD leadership balances the public's right to inspect the minutes while also protecting the privacy interests of BCMD.

Moreover, BCMD requests that the portions of NAMB's Memorandum in Support of its Motion for Summary Judgment that references and quotes these redacted portions of Exhibit 13 also be redacted. In particular, the redacted portions of Exhibit 13 are referenced and quoted on pages 14 and 15 of the Memorandum. Those references should be sealed, and the Court should require NAMB to file a redacted version of its Memorandum.

## **CONCLUSION**

The information contained in Exhibit 13 to NAMB's Motion for Summary Judgment is the same type of private and confidential information relating to BCMD's confidential and internal personnel decisions that the Court has already sealed. There are clear and compelling reasons for partially sealing this exhibit, and so BCMD requests that the Court seal the portions of Exhibit 13 that are redacted in Exhibit A to the Motion, as well as those portions of NAMB's Memorandum (at pages 14-15) that references those redacted portions of Exhibit A. BCMD requests that the Court order that those redacted portions be sealed indefinitely.

BMCD also requests that NAMB be directed to file a redacted version of Exhibit 13 consistent with Exhibit A to this Motion, as well as a redacted version of its Memorandum that references the redacted portions of Exhibit 13.

BCMD also requests that both the non-redacted version of Exhibit 13 filed with NAMB's Motion for Summary Judgment [Doc. 263-14] and the non-redacted Memorandum referencing those portions of Exhibit 13 sought to sealed be sealed from public access only, with CM/ECF access permitted to the litigant's counsel. Sealing from any access by the litigant's counsel is unnecessary as the litigants are aware of the private and confidential information contained in the

Exhibits. Sealing from public access in CM/ECF but making the Exhibits available for public viewing via terminals within the Clerk's office will not maintain the private and confidential nature of the redacted information contained in the Exhibits.

Respectfully submitted,

**BAPTIST CONVENTION OF MARYLAND/DELAWARE**

By Its Attorneys,

*/s/ Adam Stone*

_____
Adam Stone (MSB No. 10412)
Jones Walker, LLP 190 E. Capitol St., Ste. 800
Jackson, MS 39201
Tel. No. (601) 949-4717
Fax. No. (601) 949-4804
astone@joneswalker.com


*/s/ Eric W. Gunderson*

_____
Eric W. Gunderson, *Pro Hac Vice*
Davis, Agnor, Rapaport & Skalny, LLC
11000 Broken Land Parkway, Suite 600
Columbia, Maryland 21044
410-995-5800 / 410-309-6161 Fax
egunderson@darslaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2023, a copy of the foregoing Motion was served electronically on all counsel of record via the Court's ECF system.

*/s/ Eric W. Gunderson*

_____
Eric W. Gunderson, *Pro Hac Vice*