# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**WILL McRANEY**                                                          **PLAINTIFF**

**v.**               **No. 1:17cv080-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.**       **DEFENDANT**

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE ABOUT ERLC AMICUS BRIEF

**Introduction**

Pursuant to Federal Rules of Evidence 401, 402, 403, 404(b), and 608, Defendant The North American Mission Board ("NAMB") respectfully moves *in limine* to exclude evidence and argument relating to an amicus brief filed by the Thomas More Society ("TMS") as counsel to the Ethics and Religious Liberty Commission ("ERLC") in proceedings before the U.S. Court of Appeals for the Fifth Circuit in this case (the "Amicus Evidence"). Such evidence is irrelevant, unduly prejudicial, would waste time at trial, and constitutes improper character evidence.[1]

**Background**

On July 16, 2020, a panel of the U.S. Court of Appeals for the Fifth Circuit ruled that this Court's dismissal of this case under the First Amendment's ecclesiastical abstention and ministerial exception doctrines was premature. In August 2020, NAMB sought rehearing *en banc* by the Fifth Circuit of the panel's ruling in this case. The ERLC filed a motion in support of rehearing *en banc*. In its brief, ERLC misstated the ecclesiastical relationship between NAMB and the Baptist Convention of Maryland/Delaware (by which Plaintiff had been employed). Following denial of the petition for rehearing *en banc*, ERLC notified the Fifth Circuit of errors in its brief and requested direction from the Court.

During discovery in this case, Plaintiff requested documents from TMS regarding its communications with NAMB before TMS filed the amicus brief on behalf of ERLC. TMS invoked common interest privilege and refused to produce those communications, instead producing a privilege log reflecting communications between TMS and an outside attorney for NAMB. There is no record evidence that the contested language in ERLC's brief was in the draft shared with NAMB's counsel, much less that anyone at NAMB saw the brief before it was filed or that counsel

---

[1] By filing this motion *in limine*, NAMB neither waives nor abandons its motion for summary judgment or any of the arguments it advanced therein. *See* Dkt. Nos. 263, 264. For the reasons explained in that motion, NAMB is entitled to summary judgment on all of Plaintiff's claims. *See generally* 264. This motion *in limine* is filed solely to preserve NAMB's rights in the event the Court determines a trial is necessary on any of Plaintiff's claims.

1

for NAMB understood it to contain a factual error. Plaintiff never challenged the TMS privilege invocations during discovery.

**Argument**

The Amicus Evidence is irrelevant. *See* Fed. R. Evid. 401, 402. A statement in an amicus brief by a third party (ERLC) relating to how southern Baptists are supposedly organized has nothing whatsoever to do with the issues in this case. The issues in this case concern specific alleged defamation, interference, and infliction of emotional distress in which the ERLC was not involved. Indeed, even were it true that ERLC made a misstatement in its brief—and even if NAMB personnel knew that contemporaneously (and there is no evidence of such)—that would not make any fact of consequence any more likely. Thus, the Court should exclude the Amicus Evidence under Rules 401 and 402.

Moreover, the Amicus Evidence is also inadmissible under Rules 403 and 404(b). Plaintiff seeks to introduce the Amicus Evidence to suggest that NAMB personnel who are not witnesses in this trial had some role in making a misstatement to a court, and thereby tarnish NAMB's character before the jury. Seeking to prejudice a party based on conduct not at issue in the complaint is unfairly prejudicial. *See* Fed. R. Evid. 404(b) (precluding evidence of unalleged bad acts); *United States v. Blake*, 941 F.2d 334, 341 (5th Cir. 1991) ("The 'major function' of Rule 403 is 'to exclud[e] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'").

Introduction of the Amicus Evidence would also waste time at trial. If Plaintiff were to seek to introduce the Amicus Evidence, NAMB would be forced to rebut it, including but not limited to showing that NAMB personnel were not consulted about the amicus brief before it was filed.[2]

---

[2] For instance, NAMB's 30(b)(6) witness, President Kevin Ezell, testified that he is unaware of any correspondence between NAMB and ERLC about the contents of the amicus brief. *See* Ex. A at 64:25-65:19.

2

NAMB would also introduce Plaintiffs' online postings about the amicus brief, showing that as part of his vendetta against NAMB, Plaintiff has repeatedly falsely sought to tarnish NAMB with this issue. None of that is warranted, and the evidence is clearly excludable under Rule 403, as well as Rule 608 because it is being advanced as improper character evidence.

## **Conclusion**

The Court should exclude at trial any documents or testimony regarding the ERLC amicus brief.

Respectfully submitted, this 28th day of July, 2023.

>By: *s/ Kathleen Ingram Carrington*
>Kathleen Ingram Carrington (MB# 104220)
>BUTLER SNOW LLP
>150 3rd Avenue South, Suite 1600
>Nashville, TN 37201
>(P) 615-651-6745
>kat.carrington@butlersnow.com
>
>*s/ Matthew T. Martens*
>Matthew T. Martens (admitted *pro hac vice*)
>WILMER CUTLER PICKERING
> HALE & DORR LLP
>2100 Pennsylvania Avenue, NW
>Washington, DC 20037
>(P) (202) 663-6921
>matthew.martens@wilmerhale.com
>
>*s/ Timothy Jeffrey Perla*
>Timothy Jeffrey Perla (admitted *pro hac vice*)
>WILMER CUTLER PICKERING
> HALE & DORR LLP
>60 State Street
>Boston, MA 02109
>(P) (617) 526-6696
>timothy.perla@wilmerhale.com
>
>*s/ Joshua Aisen Vittor*
>Joshua Aisen Vittor (admitted *pro hac vice*)
>WILMER CUTLER PICKERING
> HALE & DORR LLP
>350 South Grand Avenue
>Suite 2400
>Los Angeles, CA 90071
>(P) (213) 443-5375
>joshua.vittor@wilmerhale.com
>
>*Counsel for Defendant The North American Mission Board of the Southern Baptist Convention, Inc.*

4