# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**WILL McRANEY**                                                                  **PLAINTIFF**

**v.**                                      **No. 1:17cv080-GHD-DAS**

**THE NORTH AMERICAN MISSION BOARD**
**OF THE SOUTHERN BAPTIST CONVENTION, INC.**        **DEFENDANT**

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO BILL BARKER

**Introduction**

Pursuant to Federal Rules of Evidence 401, 402, 403 and 404, Defendant The North American Mission Board ("NAMB") respectfully moves *in limine* to exclude: (i) a Declaration of Bill Barker previously produced in this case (attached hereto as Ex. A), (ii) deposition testimony of Bill Barker (attached hereto as Ex. B), (iii) trial testimony from Bill Barker, and (iv) any other evidence related to Bill Barker (collectively, "Barker Evidence"). Mr. Barker may have his own grievance with his former employer, NAMB, but he has no testimony to offer regarding the issues in this case. Thus, his testimony is irrelevant, unduly prejudicial, will waste time at trial, and constitutes improper propensity evidence.[1]

**Background**

This case concerns allegations that Plaintiff Will McRaney was terminated from his employment as Executive Director of the Baptist Convention for Maryland/Delaware ("BCMD") and suffered other lost opportunities due to alleged defamatory statements by NAMB. This motion concerns Plaintiffs' attempt to distract the jury with irrelevant testimony from Bill Barker, a former employee with an axe to grind concerning NAMB but who admits he has no knowledge relevant to the claims at issue in this case.

Specifically, between May 2001 and December 2017, Mr. Barker was employed by NAMB as a missionary. He apparently believes that NAMB's President Dr. Ezell "forced [him] into early retirement." *See* Ex. A at ¶¶ 7-9. Thus, as an aggrieved former employee, he has aligned himself with Plaintiff and voluntarily signed a Declaration attached hereto as Exhibit A. The Declaration states, for instance, that Dr. Ezell had "outbursts and [made] negative statements" about others, on occasion made "false and bullying" accusations, and ran "an intentional smear campaign" against

---

[1] By filing this motion *in limine*, NAMB neither waives nor abandons its motion for summary judgment or any of the arguments it advanced therein. *See* Dkt. Nos. 263, 264. For the reasons explained in that motion, NAMB is entitled to summary judgment on all of Plaintiff's claims. *See generally* 264. This motion *in limine* is filed solely to preserve NAMB's rights in the event the Court determines a trial is necessary on any of Plaintiff's claims.

Barker. Ex. A ¶¶ 4, 5, 11. At his deposition, however, Mr. Barker conceded that his allegations have nothing to do with Plaintiff's claims and that he has no knowledge of any facts relevant to Plaintiff's claims. Deposition Transcript of Bill Barker ("Barker Tr."), Ex. B at 15:11-22:3 (admitting lack of personal knowledge with respect to Plaintiff's key allegations); 35:23-36:6; 95:7-12; 97:12-14 ("Q. Did your confrontational meeting with [President of NAMB Send Relief] David Melber have anything to do with Dr. McRaney? A. No."); 100:11-14.

## Argument

The Court should exclude the Barker Evidence for at least three reasons.

*First*, it is irrelevant. *See* Fed. R. Evid. 401, 402. Mr. Barker has no personal knowledge concerning Plaintiff's claims. For instance, he does not assert that he witnessed any of the allegedly defamatory statements, was present for any meetings or discussions relevant to Plaintiff's separation from BCMD, ever discussed Plaintiff with anyone at NAMB, or otherwise participated in any relevant events or conversations. Indeed, a review of his Declaration (Ex. A) facially shows that he has no percipient knowledge. His testimony is simply irrelevant.

*Second*, the Barker Evidence is inadmissible under Rule 403. It is obviously unduly prejudicial for a witness with no percipient knowledge to appear at trial (or offer a Declaration) merely to say unflattering things about a Defendant. That would also waste a massive amount of time at trial—NAMB would be forced to extensively cross-examine Mr. Barker and otherwise introduce evidence to show his bias and the falsity of his assertions. The trial would devolve into a series of tangents about Mr. Barker's alleged interactions with Dr. Ezell that have nothing to do with this case.

*Finally*, the Barker Evidence is inadmissible under Rule 404 because Plaintiff's obvious purpose is to use it either to assail Dr. Ezell's character or introduce his supposedly prior bad acts, and thereby suggest that the jury should believe Dr. Ezell engaged in wrongdoing with respect to

2

Plaintiff because Dr. Ezell allegedly engaged in unrelated wrongdoing with respect to Barker. *See, e.g.*, Ex. A ¶ 11; Ex. B at 100:11-14 (testifying his decision to retire from NAMB is relevant because it "show[s] a pattern of behavior on the part of Kevin Ezell"). This is exactly what Rule 404 prohibits: Plaintiff is trying to use the Barker Evidence "to prove that on a particular occasion [Dr. Ezell] acted in accordance with the character or trait" (Fed. R. Evid. 404(a)) and as "[e]vidence of any other crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b). Rule 404 exists precisely to prevent this sort of smear and side show. *See Jones v. S. Pac. R.R.*, 962 F.2d 447, 449 (5th Cir. 1992) ("The reason for the rule is that such character evidence is of slight probative value and tends to distract the trier of fact from the main question of what actually happened on a particular occasion."); *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 581 (5th Cir. 2004) (finding district court did not abuse discretion in employment action by excluding testimony from former employee, who was not party to the case, that supervisor threatened former employee's life, reasoning that it was impermissible character evidence and "not necessarily relevant to [supervisor's] motive regarding any employment action taken with respect to [plaintiff]"); *Carson v. Polley*, 689 F.2d 562, 575 (5th Cir. 1982) (evidence of defendants' "bad tempers would not be admissible to show that their actions toward [the plaintiff] conformed to their bristly characters"); *Seibert v. Jackson Cnty., Miss.*, 2015 WL 5125522, at *2 (S.D. Miss. Sept. 1, 2015) (excluding majority of prior indictment charging sheriff with embezzlement, fraud, and other charges reasoning that none of those counts made Plaintiff's hostile work environment and IIED claims against sheriff more or less probable).

## Conclusion

For the foregoing reasons, the Court should exclude the Barker Evidence.

Respectfully submitted, this 28th day of July, 2023.

    By: *s/ Kathleen Ingram Carrington*
    Kathleen Ingram Carrington (MB# 104220)
    BUTLER SNOW LLP
    150 3rd Avenue South, Suite 1600
    Nashville, TN 37201
    (P) 615-651-6745
    kat.carrington@butlersnow.com

    *s/ Matthew T. Martens*
    Matthew T. Martens (admitted *pro hac vice*)
    WILMER CUTLER PICKERING
     HALE & DORR LLP
    2100 Pennsylvania Avenue, NW
    Washington, DC 20037
    (P) (202) 663-6921
    matthew.martens@wilmerhale.com

    *s/ Timothy Jeffrey Perla*
    Timothy Jeffrey Perla (admitted *pro hac vice*)
    WILMER CUTLER PICKERING
     HALE & DORR LLP
    60 State Street
    Boston, MA 02109
    (P) (617) 526-6696
    timothy.perla@wilmerhale.com

    *s/ Joshua Aisen Vittor*
    Joshua Aisen Vittor (admitted *pro hac vice*)
    WILMER CUTLER PICKERING
     HALE & DORR LLP
    350 South Grand Avenue
    Suite 2400
    Los Angeles, CA 90071
    (P) (213) 443-5375
    joshua.vittor@wilmerhale.com

    *Counsel for Defendant The North American Mission Board of the Southern Baptist Convention, Inc.*